477 So.2d 191 (1985)
Turner Paul SMITH
v.
STATE of Mississippi.
Misc. No. 1800.
Supreme Court of Mississippi.
May 8, 1985.
Rehearing Denied October 2, 1985.
*192 Turner Paul Smith, pro se.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.

ON APPLICATION FOR LEAVE TO FILE MOTION TO CORRECT SENTENCE
PRATHER, Justice, for the Court:
Constitutionality of sentence is the subject of this motion seeking correction of sentence. This Court affirmed the conviction of Turner Paul Smith on a charge of burglary. Turner Paul Smith v. State, 386 So.2d 1117 (Miss. 1980). Upon appeal, no issue was assigned regarding the sentence to life imprisonment as an habitual offender, and the court's opinion reflects this omission. 386 So.2d at 1118.
On November 30, 1984, more than four years after affirmance of his conviction in this Court, Turner Paul Smith files his application for leave to file a motion to correct sentence in the Circuit Court of Forrest County, asserting two grounds, that he was
(1) improperly indicted as an habitual offender under Miss. Code Ann. § 99-19-83 (Supp. 1984); and
(2) denied effective assistance of counsel both at trial and on his first appeal to this Court.

I.
The indictment against Smith charges burglary and alleges two "... separate incidences at different times and having been sentenced thereon to separate terms of one (1) year or more in various state penal institutions... ." On the back side of the indictment under the heading "charge" appear the words "Habitual Criminal Burglary 97-17-33".
The Mississippi Code has two statutes permitting sentence as an habitual offender. Miss. Code Ann. § 99-19-81 (Supp. 1984) is as follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
The second statute is Miss. Code Ann. § 99-19-83 (Supp. 1984) and provides as follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
As noted, section 99-19-81 does not require the serving of any time on the two prior felony crimes; whereas, section 99-19-83 does require that the defendant shall have "served separate terms of one (1) year or more in any state and/or federal penal institution ...," one of which felonies shall be a crime of violence. Likewise, the former statute provides a sentence "to the maximum term of imprisonment prescribed for such felony," referring to the felony for which the defendant is currently being tried. The latter statute, section 99-19-83 requires a sentence of life imprisonment. Both statutes provide that the sentence shall not be reduced or suspended nor shall *193 such person be eligible for parole or probation.
In the case sub judice, the indictment did not cite under which of the two habitual offender statutes the state was proceeding by reference to the code section number. This Court has held that the failure to include habitual offender section number in the indictment was not essential to the validity of the indictment, if the indictment itself was sufficient to apprise the defendant that the state was seeking to impose a life sentence. Dalgo v. State, 435 So.2d 628 (Miss. 1983).
However, applying the Dalgo analysis to this case, several omissions are apparent.
(1) The indictment against Smith does not allege that Smith had "... served separate terms of one (1) year or more ..." in a penal institution as required by section 99-19-83 in order for a life sentence to be imposed. The partial transcript of the hearing is as follows:
BY THE COURT:
It is the finding of the Court, having heard the testimony offered and received, that the allegations of the indictment, specifically those allegations under Section 99-19-83 of the Mississippi Code of 1972, as annotated, are proven beyond a reasonable doubt. Accordingly, it's the finding of the Court that, Turner Paul Smith, you are guilty as charged in the indictment. At this time if you want to say anything, you may stand before the Bench. For the record, you are now adjudicated guilty as a habitual criminal, and as such, come within the provisions of the statute that I previously mentioned, which makes it mandatory on the sentencing judge to sentence you to life imprisonment... .
The defendant himself replied to the sentence as follows:
BY THE DEFENDANT
Could I say something? See, I wasn't aware I could get life because what my lawyer told me yesterday, he said seven years.
BY HON. JOHN M. DEAKLE:
Your Honor, I did tell him that. That was my understanding and interpretation of the statute. However, I will assure the Court, and I think the Court's aware that we've done our utmost here today, whether it be seven years or seventy years, to provide a defense as well as possible for this Defendant. I can assure him here before the Court today that we will perfect an appeal post haste.
BY THE COURT:
Let me make this notation. The record in this case should reflect that prior to the selection of the jury there was held a conference with the Defendant being present and counsel present. At such time the Court then pointed out that this was being tried under the habitual criminal statute and that there were certain aspects of the indictment that could not be reflected to the jury and at that time it was pointed out that the sentence provided for life.
BY THE DEFENDANT:
Well, if it did, I didn't hear it, and yesterday I asked him the same thing, if it called for life or seven years. I was under the impression it called for life, but he said seven.
BY THE COURT:
Let me say this for the record. There are two statutes  99-19-81 does provide, if there has been no conviction and serving under a crime of violence, then the maximum sentence that can be imposed for the crime of burglary, and that would in fact, I believe under these circumstances would be seven years.
BY HON. JON MARK WEATHERS:
Seven years, Your Honor.
BY THE COURT:
Seven years.
BY HON. JOHN M. DEAKLE:
Your Honor, that's the statute. I was not aware of the armed robbery and that's the statute I was traveling under.
BY THE COURT:
I gather from your argument you've made to the Court that you were not aware that one of his convictions had in *194 fact been a conviction and a sentence for a crime of violence.
BY HON. JOHN M. DEAKLE:
Yes, sir.
BY THE COURT:
The record here reflects that. And, of course, there's nothing, counsel, that you can do about a conviction previously, years ago, of a crime of violence. Any further questions?
BY THE DEFENDANT:
See, if I'd known this  I was in a Half-Way house in Mobile. There's three hundred witnesses I could've called. The man said it wouldn't do any good, so I took his word.
BY HON. JOHN M. DEAKLE:
Your Honor, we are getting into a defense of his representation as we've been in through two trials. I hate to give credence to Mr. Smith's allegations, as I like him  I've known him now pretty well  but, neither do I want this to go into the record without me responding to it. Needless to say, I don't know if this is the time or place, but I don't want it to go into the record without me responding to it. The reason we didn't call these people from the Half-Way House is because then we would open up the hotbed of the prior convictions and the need for the supervision which in my estimation, which is a judgment decision altogether, would serve no useful purpose.
BY THE COURT:
Let me say this. The trial proper, determining guilt or innocence, reflected a statement that you gave and signed. I cannot see any possible benefit that you might receive from testimony of people in another state as a result of the statement that you made and has been received in evidence. I point out again that every aspect of this trial may be reviewed on appeal and the record made here may be reviewed by the Court on appeal. It is the opinion of the Court, obviously from the acceptance by the Court of the jury verdict of guilty and the judgment of the Court adjudicating you to be guilty, and further from the judgment of this Court concerning the sentencing phase, that you have been afforded a fair trial as required by the Constitution of the State of Mississippi, as well as the Constitution of the United States. And, further, that you have been afforded competent counsel, and further that at each critical stage of this proceeding your constitutional rights have been protected. I point out again there is an avenue of appeal available to you for an appellate court to make that determination from the record in this case. So, at this time 
BY HON. JOHN M. DEAKLE:
Your Honor, may I make one statement?
BY THE COURT:
Yes, sir.
BY HON. JOHN M. DEAKLE:
It's obvious, I think, from the Defendant, Mr. Smith's testimony here that he has no confidence in my legal ability. I think from the gravity of this sentence that it goes without saying that an appeal is certainly in order and I would at this time formally request that I be relieved from this case and another attorney be appointed to represent Mr. Smith in his appeal and that I would do everything in my power to work with this newly-appointed attorney in whatever manner that he needs or would request in perfecting an appeal. I think it would probably be in the best interest of Mr. Smith and would hardly be, say, in my best interest.
BY THE COURT:
I think under the circumstances here developed that I will consider that motion and will advise you of my ruling on it within the next several days. I will say this, that should I sustain it, it would require that you work with whatever lawyer I might appoint to handle the appeal so that that lawyer would have the benefit of your insight as the trial lawyer in the preparation and actual trial of the case and I will make that determination within the next several days and it will be communicated to you, counsel, *195 and in turn may be communicated to the Defendant.
BY THE DEFENDANT:
Could I say something, Your Honor?
BY THE COURT:
Yes.
BY THE DEFENDANT:
No reflection on counsel's character, but I think if I'd knowed I'd have been coming up for a life sentence, I would have prepared much better on this case, me and counsel both, because I've been down here approximately going on a week.
Nonetheless, the trial court sentenced the defendant to life imprisonment under Miss. Code Ann. § 99-19-83 (Supp. 1984), without eligibility for parole or probation.
In its response to defendant's motion to correct sentence, the state claims that the defendant is procedurally barred from raising this claim, not having addressed the issue on direct appeal. As a basis for its position the state cites the Court to § 99-39-21, which provides:
(1) Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
... .
(4) The term "cause" as used in this section shall be defined and limited to those cases where the legal foundation upon which the claim for relief is based could not have been discovered with reasonable diligence at the time of trial or direct appeal.
This Court has repeatedly and consistently held that "post-conviction relief in Mississippi is not granted upon facts and issues which could or should have been litigated at trial and on appeal." Smith v. State, 434 So.2d 212, 215 (Miss. 1983), and the numerous authorities cited therein. Post-conviction proceedings are for the purpose of bringing to the trial court's attention facts not known at the time of judgment. Questions not alleged and raised at trial and/or on direct appeal are procedurally barred and may not be litigated collaterally in a post-conviction environment. Gilliard v. State, 446 So.2d 590 (Miss. 1984); Pruett v. Thigpen, 444 So.2d 819 (Miss. 1984); King v. Thigpen, 441 So.2d 1365 (Miss. 1983); Evans v. State, 441 So.2d 520 (Miss. 1983); Smith v. State, 434 So.2d 212 (Miss. 1983); Edwards v. Thigpen, 433 So.2d 906 (Miss. 1983); Wheat v. Thigpen, 431 So.2d 486 (Miss. 1983); Callahan v. State, 419 So.2d 165 (Miss. 1982).
As the state suggests, it is noted that this issue was not raised on direct appeal, nor does the motion here show such facts as are necessary to demonstrate that this claim is not procedurally barred.
However, this Court has previously held that errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal. Read v. State, 430 So.2d 832 (Miss. 1983); Brooks v. State, 209 Miss. 150, 46 So.2d 94 (1950). It is noted that in the case sub judice that the defense counsel failed to raise the sentence issue on appeal, but that this defendant is raising the issue in his pro se post-conviction motion to correct sentence. This Court recognizes that citizens may not be deprived of constitutional rights without due process of law and that due process requires reasonable advance notice and a meaningful opportunity to be heard. Read, supra. An analysis of the indictment in this case, together with the foregoing transcript of the sentencing hearing, clearly show a denial of due process in sentencing. The comparison of a seven year sentence, as opposed to a life sentence, without probation or parole is too significant a deprivation of liberty to be subjected to a procedural bar.
*196 Therefore, this Court is compelled to address this plain error in the sentencing order. Mississippi Supreme Court Rule 6(b); Payne v. State, 462 So.2d 902 (Miss. 1984); Glover v. State, 419 So.2d 588 (Miss. 1982), Burnett v. State, 285 So.2d 783 (Miss. 1973). It is clear that the state sought conviction and sentence of the defendant as a recidivist. Only the quantity of time is in doubt, and the indictment clearly notices the defendant that the state was seeking only a seven year term. The defendant was wrongfully sentenced under section 99-19-83 to life imprisonment. This plain error is of constitutional dimensions.
This Court therefore reverses the sentencing portion of this case and remands to the trial court for resentencing to no more than seven years imprisonment without eligibility for parole or probation.

II.
The second assigned error here is ineffective assistance of counsel at both the trial and appellate stages. The allegations address the failure of defense counsel to object to alleged improper evidence in the sentencing phase and to challenge the imposition of a life sentence on appeal. All alleged allegations of ineffectiveness address the sentence enhancement portion of the defendant's trial.
Since under the first assignment of error, this Court noted plain error and is remanding for proper sentencing under the statute applicable of section 99-19-81 (Supp. 1984), the ineffectiveness issue on this ground has now become moot. Read, supra.
REMANDED FOR RESENTENCING NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.