# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00164-SCT

*KENNETH ELTON TERRY*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/96 |
| TRIAL JUDGE: | HON. ROBERT LOUIS GOZA, JR. |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | JOHN T. KITCHENS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED. - 12/08/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Kenneth Terry was indicted for capital murder during the course of sexual battery in the death of Kathy Champion, in violation of Miss. Code Ann. 97-3-19(2)(e) (Supp. 1990). Terry pled guilty to the lesser included offenses of murder and sexual battery, and Madison County Circuit Court Judge John B. Toney entered the Judgment of Conviction on March 30, 1992. Judge Toney sentenced Terry on April 3, 1992, to life imprisonment for the murder conviction and thirty years imprisonment for the sexual battery conviction. On August 26, 1996, Terry filed his Motion for Post Conviction Relief (hereinafter PCR motion), alleging ineffective assistance of counsel, and involuntary and unknowing guilty plea due to the trial court's failure to advise him of his rights or to inform him of the minimum penalty. Circuit Court Judge Robert L. Goza, Jr. denied Terry's PCR motion in an order filed on November 25, 1996, finding that the motion was time barred and did not fall within any recognized exception to the three year statute of limitations.

## STATEMENT OF THE LAW

### I.

### STATUTE OF LIMITATIONS

The controlling statute regarding the time bar for filing PCR motions is Miss. Code Ann. § 99-39-5(2):

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, *or in case of a guilty plea, within three (3) years after entry of the judgment of conviction*.

Miss. Code Ann. § 99-39-5(2) (1994) (emphasis added). In the instant case, Judge Toney entered the judgment of conviction on March 30, 1992. The deadline for Terry to file his motion for relief was March 30, 1995. Since he waited until August 26, 1996, to file his PCR motion, it is time barred, unless he raises a claim falling within one of the exceptions.

> Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. § 99-39-5(2) (1994). We have also recognized an exception to procedural bars where a fundamental constitutional right is involved. ***Bevill v. State***, 669 So.2d 14, 17 (Miss. 1996) (*citing **Luckett v. State***, 582 So.2d 428 (Miss.1991); ***Smith v. State***, 477 So.2d 191 (Miss.1985)).

Terry urges us to waive the time bar in his case, because his claims are constitutional. He relies on the outcome in ***Smith v. State***, 477 So.2d 191 (Miss. 1985), to support his contention. In ***Smith***, this Court reversed the life sentence, because the language of the indictment indicated that Smith was being charged under the habitual offender statute requiring the maximum penalty for the charged felony, and not the habitual offender statute requiring imposition of a life sentence. ***Smith***, 477 So.2d at 192-93, 196. Although Smith failed to raise the issue on direct appeal, we found that "[t]he comparison of a seven year sentence, as opposed to a life sentence, without probation or parole is too significant a deprivation of liberty to be subjected to a procedural bar." ***Id***. at 195. "This plain error is of constitutional dimensions." ***Id***. at 196.

The claims addressed in Terry's PCR motion are ineffective assistance of counsel, involuntary guilty plea due to failure of the trial court to inform him of his rights, and failure of the trial court to inform him of the minimum penalties. On appeal to this Court he also assigns as error the trial court's allowing him to plead guilty to crimes for which he was not indicted.

It is conceivable that under the facts of a particular case, this Court might find that a lawyer's performance was so deficient, and so prejudicial to the defendant, that the defendant's fundamental constitutional rights were violated. However, this Court has never held that merely *raising* a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar. Therefore, Bevill's ineffective assistance of counsel claim is insufficient to surmount the procedural bar. It may also be noted that this Court held in *Patterson v. State*, 594 So.2d 606 (Miss.1992), that a trial court's failure to advise a defendant of maximum and minimum sentences does not implicate a "fundamental constitutional right" sufficient to except a case from the procedural bar of § 99-39-5.

*Bevill v. State*, 669 So.2d 14, 17 (Miss. 1996). Terry maintains that his trial attorneys exhibited ineffective assistance by failing to adequately prepare for trial or offer any mitigating evidence at his sentencing. As discussed below, these claims are without merit and therefore do not rise to the level required to set aside the procedural bar in this case. Similarly, the alleged failure by the trial court to advise Terry of the minimum sentences does not require waiver of the procedural bar. *Id*. Furthermore, Miss. Code Ann. §§ 97-3-21 and 97-3-101 (1994) reveal that murder and sexual battery do not carry minimum sentences, and Judge Goza found that the court file revealed that Terry was so informed.

Terry does not address his claim for involuntary guilty plea in his brief to this Court. However, Judge Goza included an excerpt from Terry's plea hearing transcript in his order denying the PCR motion. The transcript excerpt reveals that Judge Toney informed Terry of his right to trial by jury, right to confront and cross-examine witnesses against him, right to subpoena witnesses on his behalf, right to counsel, right to remain silent, the presumption of innocence, the reasonable doubt burden placed upon the State, the requirement of a unanimous jury verdict, and the right to an appeal at the expense of the State. Judge Toney also advised Terry that by pleading guilty he gave up all of these rights. Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice states in pertinent part:

> (3) **Advice to the Defendant**. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
>
> A. That the accused is competent to understand the nature of the charge against him;
>
> B. That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law;
>
> C. That the accused understands that by pleading guilty he waives his constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, the right against self-incrimination;
>
> D. If the accused is not represented by counsel, that he is aware of his right to counsel at every stage of the proceeding and that one will be appointed to represent him if he is indigent.

U.C.R.C.C.P. Rule 3.03(3). For a plea to be voluntary, the criminal defendant must be advised of certain constitutional rights. In *Boykin v. Alabama*, 395 U.S. 238 (1969), the United States Supreme Court held that reversible error occurs where the trial court record does not reflect that the defendant

voluntarily and knowingly entered a guilty plea. *Boykin*, 395 U.S. at 242-44. For a plea to be knowing and voluntary, the record must reflect that the accused has been advised of his right to counsel, right against self-incrimination, right to trial by jury, and right to confront adverse witnesses. *Id*. Judge Goza found that Terry was informed of all of his rights before pleading guilty. The excerpt included in his order confirms this conclusion. Terry's claim for involuntary guilty plea on the basis of the alleged failure of the trial court to inform him of his rights is therefore without merit and insufficient to waive the time bar in this case.

## II.

## PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS ATTORNEY FAILED TO PROVIDE HIM WITH ADEQUATE INFORMATION PRIOR TO MAKING HIS PLEA OF GUILTY

Terry alleges that his attorneys exhibited deficient performance by failing to prepare adequately for trial. He asserts that they never made any independent investigations, failed to make any effort to locate witnesses, did not develop any evidence, testimony, or trial strategy, and only met with him three times for about ten minutes on each visit. He also claims that he was denied effective assistance of counsel, because his attorneys offered no mitigating evidence at his sentencing hearing.

In order to make a successful argument for ineffective assistance of counsel, the criminal defendant must show that 1) his attorney's performance was deficient, and 2) that but for the attorney's deficiency, the outcome of the proceedings would have been different. *Wiley v. State*, 517 So.2d 1373, 1378 (Miss. 1987) (*citing* *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Trial counsel is presumed to be competent." *Brooks v. State*, 573 So.2d 1350, 1353 (Miss. 1990) (*citing* *Johnson v. State*, 476 So.2d 1195, 1204 (Miss. 1985)).

There is no need for counsel to prepare a defense when the defendant intends to plead guilty. *Schmitt v. State*, 560 So.2d 148, 154 (Miss. 1990). However, even if Terry did not initially plan to plead guilty, he has failed to show that his attorneys exhibited deficient performance. The record before this Court contains no support for his claims. The only evidentiary bases for Terry's assertions are his own affidavit and brief. "This Court has implicitly recognized in the post-conviction relief context that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Vielee v. State*, 653 So.2d 920, 922 (Miss. 1995) (*citing* *Brooks v. State*, 573 So.2d 1350, 1354 (Miss.1990); *Smith v. State*, 490 So.2d 860 (Miss.1986)). "[T]he burden is on the appellant to make sure that the record contains 'sufficient evidence to support his assignments of error on appeal.'" *Jackson v. State*, 684 So.2d 1213, 1224 (Miss. 1996) (*quoting* *Hansen v. State*, 592 So.2d 114, 127 (Miss. 1991)). "We have always adhered to the rule that we will not consider anything on appeal except what is in the record made in the trial court. We will not go outside the record to find facts and will not consider a statement of facts attempted to be supplied by counsel in briefs." *Wortham v. State*, 219 So.2d 923, 926-27 (Miss. 1969). The record before us contains no evidence supporting Terry's claim of ineffective assistance of counsel.

## III.

## TRIAL COURT ERRED WHEN IT ALLOWED PETITIONER TO PLEAD GUILTY TO SIMPLE MURDER AND SEXUAL BATTERY FOR WHICH HE HAD NOT BEEN

**INDICTED.**

Terry argues that the trial court erred in allowing him to enter a guilty plea for the crimes of murder and sexual battery when he had been indicted for capital murder, not murder and sexual battery. Since Terry failed to address this issue in his PCR motion, he is procedurally barred from raising it for the first time on appeal to this Court. "'Under Mississippi law, an appellant is not entitled to raise a new issue on appeal, since to do so prevents the trial court from having an opportunity to address the alleged error.'" *Dunn v. State*, 693 So.2d 1333, 1339 (Miss. 1997) (*quoting* *Crowe v. Smith*, 603 So.2d 301, 305 (Miss.1992)); *see also* *Smith*, 477 So.2d at 195.

Aside from the procedural bar, this claim is without merit. Pleading guilty to a lesser included offense operates to waive the defendant's right to indictment for that lesser included offense. *Jefferson v. State*, 556 So.2d 1016, 1018-19 (Miss. 1989). Furthermore, a trial court has authority to accept a guilty plea for a lesser included offense based upon its authority to grant a lesser included offense instruction had the case gone to trial. *Id*. at 1019-20. The authority to accept a guilty plea to a lesser included offense is also recognized in Uniform Criminal Rules of Circuit Court Practice Rule 4.03. *Id*. at 1017-18. Rule 4.03, governing plea discussions, reads in part as follows:

> The prosecuting attorney, defendant's counsel, or the defendant acting pro se, may engage in such discussion with a view toward reaching an agreement that *upon entering a plea of guilty to the offense charged or to a lesser or related offense*, the attorney for the state may do any of the following . . .

U.C.R.C.C.P. Rule 4.03 (emphasis added). The circuit court had the authority to accept Terry's plea of guilty to the offenses of murder and sexual battery, as lesser included offenses to the charged offense of capital murder during the course of sexual battery.

## CONCLUSION

All of Terry's claims are both time barred and without merit. The trial court properly found that his PCR motion should be denied on that basis. We therefore affirm the lower court's decision in this case.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**