LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On November 9, 1999, Angela Ann Lewis and Brian Smith filed a joint complaint for divorce based on irreconcilable differences. Less than one month later, Lewis was in a car accident, resulting in a broken neck and category-four brain damage. These injuries left Lewis in a semi-coma. Consequently, she could no longer handle her affairs, and a judgment authorizing a conservator to proceed with the divorce action was entered.
¶ 2. On January 10, 2000, the trial court entered a final judgment of divorce, which mandated that Smith pay Lewis $5,500 within twelve months as a reimbursement for the amount she paid toward the purchase of a 1997 Jeep. Lewis later sought to have Smith held in contempt of court for failing to pay the monies owed to her under the January 10, 2000 judgment. And on January 9, 2001, the trial court entered a judgment ordering Smith to pay the $5,500 plus interest he owed Lewis.
¶ 3. Almost ten years later on January 5, 2011, Lewis sought a writ of garnishment of Smith’s wages for the $5,500 plus interest owed to her, and on that same day, the writ of garnishment was executed. Smith then moved for reimbursement of funds that had been garnished from his wages. Smith argued that the judgment placing 'him in contempt for failure to pay the $5,500 was over seven years old and, therefore, had expired under Mississippi Code Annotated section 15-1-47 (Rev. 2012).
¶4. On May 17, 2011, the trial court entered an order canceling the writ of garnishment because the January 9, 2001 order had expired. Subsequently, Lewis filed an answer to Smith’s motion for reimbursement, arguing that the judgment had not expired, because under the savings clause of Mississippi Code Annotated section 15-1-59 (Rev.2012), the statute of limitation had been tolled.
¶ 5. On August 10, 2011, the trial court entered an order revoking the previous order, finding that the seven-years statute of limitations had been tolled by section 15-1-59. Eight days later, Smith moved to set aside the August 10, 2011 order. Smith argued that no equitable reason existed to toll the statute of limitations, because the “conservator is fully authorized to employ attorneys and bring actions on [the ward’s] behalf.” U.S. Fid. & Guar. Co. v. Conservatorship of Melson, 809 So.2d 647, 654 (¶27) (Miss.2002).
¶ 6. On August 26, 2011, relying on the language in Melson, the trial court reinstated the order canceling the writ of garnishment because the January 9, 2001 order had expired. This appeal followed.
STANDARD OF REVIEW
¶ 7. “When reviewing questions of law, this Court employs a de novo standard of review and will only reverse for an erroneous interpretation or application of law.” Powers v. Tiehauer, 939 So.2d 749, 752 (¶ 6) (Miss.2005).
*813 DISCUSSION
¶ 8. Lewis contends that the chancellor erred in finding that section 15-1-59 does not toll the statute of limitations in regard to the judgment’s expiration under section 15-1^47. Under section 15-1-47, a judgment lien expires after seven years from the entry of the judgment.
¶ 9. In her August 26, 2011 order, the chancellor found that section 15-1-59 was “inapplicable to the present matter as it concerns persons with disabilities and minor children; when a conservator was appointed to protect the legal rights of the mentally incapacitated Angela Ann Lewis, thus invoking the provisions of Mississippi] Code Ann[otated] [s]ection 15-1-58.” Mississippi Code Annotated section 15-1-58 (Rev.2012) states:
When the legal title to property or a right in action is in an executor, administrator, guardian, or other trustee, the time during which any statute of limitations runs against such trustee shall be computed against the person beneficially interested in such property or right in action, although such person may be under disability and within the saving of any statute of limitations; and may be availed of in any suit or actions by such person.
It is important to note that “the duties, responsibilities and powers of a guardian or conservator are the same.” Harvey v. Meador, 459 So.2d 288, 292 (Miss.1984). See also Miss.Code Ann. § 93-13-259 (Rev.2004). '
¶ 10. From the language of the order, the chancellor found that the right vested in the conservator and not in Lewis. Lewis contends that this contention is contrary to Weir v. Monahan, 67 Miss. 434, 7 So. 291 (1890). The Mississippi Supreme Court in Weir found that section 15-1-53 only applies “where the legal title to property or the right of action, at law or in equity[,] is in the guardian, and not the infants.” Weir, 67 Miss. at 455, 7 So. at 296. The court noted that “[w]hen the legal title to the property is vested in a trustee who can sue for it, and fails to do so within the time prescribed by law[,] ... his right of action is barred.Id.
¶ 11. Under Mississippi Code Annotated section 93-13-38(1) (Rev.2004), “All the provisions of the law on the subject of executors and administrators[ ] relating to settlement or disposition of property limitations ... shall, as far as applicable and not otherwise provided, be observed and enforced in all guardianships.” Also, Mississippi Code Annotated section 93-13-38(2) (Rev.2004) states: “The guardian is empowered to collect and sue for and recover all debts due his said ward.... ”
¶ 12. From the language of section 93-13-38, the conservator had a fiduciary duty to pursue the $5,500 owed to Lewis. Therefore, the right of action was in the conservator and not Lewis. The conservator was appointed prior to the entry of the judgment of the divorce. The conservator brought the motion to hold Smith in contempt for failure to pay. It was the conservator’s fiduciary duty to file a writ of garnishment when Smith failed to pay. Under the plain language of section 15-1-53, if the right is in the guardian, in this case the conservator, the statute of limitations runs against the guardian and not the ward.
¶ 13. The right in action is in the conservator, therefore making the savings clause of 15-1-59 inapplicable, because “[t]he purpose of the savings statute is to protect the legal rights of those who are unable to assert their own rights due to disability.” Rockwell v. Preferred Risk Mut. Ins. Co., 710 So.2d 388, 391 (¶ 11) (Miss.1998). Lewis has a court-appointed conservator who is able to assert rights on *814 her behalf. Therefore, Lewis does not require, nor is subject to, the protections provided by the saving clause.
¶ 14. THE JUDGMENT OF THE MARION COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, FAIR AND JAMES, JJ., NOT PARTICIPATING.