ON MOTION TO VACATE AND SET ASIDE SENTENCE AS HABITUAL OFFENDER
Charlie Ellis has filed a motion pro se to vacate his sentence as habitual offender under Miss. Code Ann. § 99-19-83 (1982). Because the state at trial failed to prove that he had actually served one year or more on his previous convictions, we sustain the motion and remand this case to the circuit court of Jefferson County.
 FACTS
Ellis was indicted by the grand jury of Jefferson County on April 21, 1982, for the crime of burglarizing a church building, and also charged in the same indictment with recidivism under Miss. Code Ann. § 99-19-83 (1972). The indictment charged Ellis was a habitual criminal under this section in that he had been convicted on February 16, 1972, of assault with intent to commit rape and sentenced to serve five years, and convicted on May 2, 1980, of burglary and larceny and sentenced to serve three years. The indictment did not allege that he had actually served any time.
The jury returned a verdict of guilty on his burglary indictment. Following this, the record reveals the following proceedings before the circuit court:
 THE COURT:
 Let the record show that a jury verdict having been rendered, that the Court now at the commencement of a pre-sentence investigation hearing, defendant being present in open court together with his counsel, Hon. Stanley Merritt, and the State being represented by Assistant District Attorney David Hall, the court asks Attorney Hall now, do you have any matters you want to put into the record prior to sentencing?
 MR. HALL:
 Yes sir, if it please the Court, your Honor.
 At this time, I would submit as exhibits certified copies of convictions on Charlie Ellis, one being a conviction dated the 16th day of February, 1972, in which Charlie Ellis was convicted of the crime of assault with intent to rape, in which he was sentenced to serve a term of five years in the State Department of Corrections, that being Cause # 2230 in the Circuit Court of Jefferson County, Mississippi, February term 1972.
 The second exhibit which the State would tender is another certified copy of *Page 1063 
judgment of conviction against Charlie Ellis in Cause # 2326 in the Circuit court of Jefferson County, Mississippi, April term 1980, in which Charlie Ellis was found guilty of the crime of burglary and larceny and was sentenced to serve a term of three years in the State Department of Corrections.
 THE COURT:
 There's no objection to their being admitted into the record?
 MR. MERRITT:
 No, your Honor.
 THE COURT:
 All right, let them be marked now and made exhibits into the record.
 * * * * * * *
 THE COURT:
 Before I close this hearing, now, Mr. Merritt, is there anything that the defendant would like to put on in mitigation or in answer to these previous convictions offered by the State?
 MR. MERRITT:
 No, your Honor, these were admitted from the witness stand, and we stand by the record.
 THE COURT:
 Do you want a few minutes to confer with your client?
 MR. MERRITT:
 Yes sir.
 [MR. MERRITT AND THE DEFENDANT LEFT THE COURTROOM FOR A WHILE, AND UPON THEIR RETURN TO THE COURTROOM THE FOLLOWING PROCEEDINGS WERE HAD:]
 THE COURT:
 Let the record show that the Court, having before it the jury conviction of the Charlie Ellis Jr. on a charge of grand larceny, having before it proof that the defendant is an habitual criminal under the provisions of Section 99-19-83, the Court having evidence before it that the defendant has been previously convicted of a crime of violence, to-wit: assault with intent to rape and of a felony charge of burglary, defendant will at this time be sentenced to serve a term of his natural life in the State Penitentiary under the Mississippi State Department of Corrections, to be served without benefit of parole, probation or suspension.
 All right, that will be your sentence, Charlie.
R.142-147.
Ellis appealed and his conviction as a habitual offender was affirmed by this Court in Ellis v. State, 469 So.2d 1256 (Miss. 1985).
On appeal Ellis's attorney argued that the circuit court erred in permitting the state to amend the indictment from charging him with being a violator under Miss. Code Ann. § 99-19-81 to Miss. Code Ann. § 99-19-83. We rejected this argument.
No contention was made by Ellis that the state had failed to prove he came under Miss. Code Ann. § 99-19-83, and on his direct appeal this question was never presented.
Now Ellis has filed a motion to vacate his sentence as a habitual offender under Miss. Code Ann. § 99-19-83, because the state never proved, nor indeed attempted to prove in the circuit court that he had actually served one year or more on these sentences.
We held in Wilson v. State, 395 So.2d 957 (Miss. 1981), that even though a defendant is not entitled to have a jury to pass upon the issue, the state has the burden of proving beyond a reasonable doubt all the elements required to convict an accused under Miss. Code Ann. § 99-19-83.
Miss. Code Ann. § 99-19-83 provides:
 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to *Page 1064 
life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
An essential ingredient of this section is that the defendant shall have served at least one year under each sentence. The state failed to meet this burden at trial. The state's proof would only have sustained a conviction under Miss. Code Ann. §99-19-81.
This case, therefore, comes under Smith v. State,477 So.2d 191 (Miss. 1985).
The motion is sustained, and the case remanded to the circuit court of Jefferson County for appropriate sentencing.
REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.