The appellant was convicted in Jefferson County for grand larceny as an habitual offender under Miss. Code Ann. § 99-19-83
(Supp. 1982).[1] The conviction and sentence *Page 496 
was affirmed in Ellis v. State, 469 So.2d 1256 (Miss. 1985). Later a motion to vacate sentence which was treated as a petition for post-conviction collateral relief was filed, alleging that the necessary elements under § 99-19-83 were not proven inasmuch as the proof did not show that he served separate terms of one year or more. This Court agreed with the contention and remanded the case for "appropriate sentencing." 485 So.2d 1062 (1986).
On remand the circuit court held a second sentencing hearing over the defendant's objections. No good purpose would be served in reciting the evidence, inasmuch as the question here is whether or not evidence should have been allowed. However, on the second hearing it was proven beyond purview of doubt that the appellant was an habitual offender within the meaning of §99-19-83, and at conviction proof was offered that showed the defendant to be an habitual offender within the meaning of §99-19-81.[2] One of appellant's prior convictions was a crime of violence so the only question today is whether or not the appellant should be sentenced to a term of five years without hope of probation or parole, or to a life sentence with the same likelihood of any relief.
It is apparent that the learned circuit judge misunderstood the language, "appropriate sentencing." We can understand how the language could have misled the judge into believing that another sentencing hearing was in order. We could have used words to better express our intentions.
Mississippi Constitution, Art. 3, § 22 (1890) reads, "No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution." Consistent with the above, this Court has held that an habitual offender's sentencing hearing, as a trial on the sentence, constitutes jeopardy; therefore, when a defendant's conviction "has been overturned due to a failure of proof at trial, . . . the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble."DeBussi v. State, 453 So.2d 1030 (Miss. 1984), quoting Burksv. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
It is seen, then, that the case was not remanded for a sentencing hearing but for sentencing under § 99-19-81. If there was any doubt as to the view of the Court on this question afterDeBussi, supra, it was removed in Young v. State,507 So.2d 48 (Miss. 1987).
The State argues that DeBussi was erroneously decided and premises this argument on the ground that the above-quoted code sections are not for criminal offenses and affect only sentencing. Without question this would make an interesting debate between learned legal scholars; however, it avails the State nothing here inasmuch as the issue has been previously decided.
We therefore reverse and remand the case for a five-year sentence without hope of probation or parole in accordance with §99-19-81.
REVERSED AND REMANDED FOR SENTENCING CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
[1] Section 99-19-83 reads:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
[2] Section 99-19-81 reads:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. *Page 497