601 So.2d 279 (1992)
Charles G. RANSOM, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3318.
District Court of Appeal of Florida, First District.
June 5, 1992.
Charles G. Ransom, pro se.
Robert A. Butterworth, Atty. Gen. and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.

ORDER ON MOTION TO STRIKE BRIEF
PER CURIAM.
Appellee, State of Florida, has filed a motion to strike appellant's initial brief. We defer ruling on the motion to strike and relinquish jurisdiction of this matter to the trial court to correct and/or clarify the record.
Appellant's notice of appeal in this case stated that the order being appealed was rendered on August 26, 1991. The notice also stated that the order being appealed was an order which denied a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a). After screening the notice we, sua sponte, in accordance with our standard procedures, issued an order stating that review pursuant to Florida Rule of Appellate Procedure 9.140(g)[1] was not appropriate and directed appellant to file a brief.[2]See McMahon v. State, 567 So.2d 988 (Fla. 1st DCA 1990). Appellant timely filed an initial brief.
*280 After receiving a copy of the record, the State filed a motion for clarification of our order which determined that review was inappropriate pursuant to Rule 9.140(g). The basis of the motion was the State's contention that the only motion for post-conviction relief pursuant to Rule 3.800 in the record had been filed and denied by the trial court more than a year before the notice of appeal was filed. The State contended that if that was the order being appealed, the notice was untimely. The State's motion noted that there was an order in the record dated August 26, 1991, but it was an order denying a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The State's motion asked us to clarify our order and specify which order appellant was appealing and whether Rule 9.140(g) was applicable. We granted that motion in part and directed appellant to state specifically which order he was appealing. Appellant responded and stated he was appealing the order dated August 26, 1991. He claimed that order was the order denying his Rule 3.800 motion and the trial court had treated, incorrectly, his 3.800 motion as a 3.850 motion. He claimed he had filed his 3.800 motion on or around July 27, 1991.
The State then moved to strike appellant's initial brief. The basis of that motion was that appellant's brief made reference to a motion and order pursuant to Rule 3.800 and the record references in the brief appeared to be to a different record than the one received by the State. Since there was no recent 3.800 motion in the record nor any 3.850 motion, we deferred ruling on the State's motion to strike and ordered the clerk of the lower tribunal to supplement the record with a copy of the motion appellant alleged he had filed. We have now received a copy of a motion from the clerk. The motion was filed, according to the motion itself, pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure, and is different than the other 3.800 motion. Unfortunately, we cannot determine the date it was actually filed because the only date stamp from the lower tribunal on the motion is April 10, 1992, which is subsequent to this court's order directing the lower tribunal to supplement the record on appeal with a copy of the motion. No one has offered any explanation for why it has that date stamp.
Our review of the "record"[3] as it now exists reveals the following. The first "record" which we received from the lower tribunal contained a motion to correct an illegal sentence which was filed in the trial court on May 23, 1990. That motion was filed pursuant to Florida Rule of Criminal Procedure 3.800. The motion stated that appellant's sentence was illegal because he was sentenced to a term of 30 years with the Florida Department of Corrections and his sentence thus exceeded the maximum guidelines sentence for which he was adjudicated guilty, which was from seven to nine years. The motion noted that appellant's sentencing scoresheet reflected a score of 192 points and that he had not been sentenced as a habitual offender. An order was entered by the trial court on June 13, 1990, which denied appellant's motion. That order specifically cited the reason for denial was that defendant was sentenced as a habitual offender. It is apparent from the arguments made in appellant's brief, he is not appealing that order.
Also contained in the same record is a form order which states on its face that it is denying appellant's motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. That order is dated August 27, 1991. The order does not make reference to when the motion being denied was filed. Neither does the order state that the trial court treated a 3.800 motion as a 3.850 motion. The form order recites that the motion "files and records" in the case conclusively show that the defendant is entitled to no relief and that a copy of that portion of the files and records which conclusively show that the prisoner is entitled to no relief is attached to the order. There are, however, no attachments to the order in the record. Also contained in the record is a notice of appeal dated September 24, 1991, which states that the order being appealed is an order denying *281 appellant's motion for post-conviction relief pursuant to Rule 3.800. The notice states that the order was rendered on August 26, 1991.[4] There is no motion for post-conviction relief filed pursuant to Rule 3.850 in the "record." In summary, we now have a record which contains an order which denies a motion for post-conviction relief pursuant to Rule 3.850 and no such motion. We also have a motion for post-conviction relief pursuant to Rule 3.800 and no order disposing of the motion. We cannot dispose of this case based on the record we presently have before us.[5] Fla.R.App.P. 9.200(f)(2).[6]
For that reason, we defer ruling on the State's motion to strike appellant's brief[7] and relinquish jurisdiction and remand this matter to the trial court for a period of 30 days. The trial court shall submit to this court within 30 days an order which explains the disposition of appellant's motion for post-conviction relief pursuant to Rule 3.800(a). If the order rendered August 27, 1991 was intended to be the order denying that motion, the court shall so state and insure that the documents referenced in the order are included in the record. These specific directions are not intended to be a limitation on the trial court's ability to clarify or correct the record as it may deem necessary or to take further action with regard to the motion.
JOANOS, C.J., and BOOTH and ZEHMER, JJ., concur.
NOTES
[1] That rule provides in pertinent part:

An appeal from an order denying relief under Fla.R.Crim.P. 3.850 without a hearing shall be commenced as prescribed by Rule 9.110. The clerk of the lower tribunal shall forthwith transmit to the court as the record conformed copies of the motion, order, motion for rehearing and order thereon, with a certified copy of the notice. No briefs or oral argument shall be required.
[2] The order also required the clerk of the lower tribunal to prepare and submit to this court a record in accordance with Florida Rule of Appellate Procedure 9.200.
[3] The record now consists of three parts.
[4] The order denying the 3.850 motion was signed on August 26, 1991 and rendered on August 27, 1991. It is not uncommon for litigants to confuse the date of rendition with the date of entry of the order.
[5] The State in its brief urges us to affirm the order on appeal arguing that appellant cannot raise the issues raised in a 3.800 motion. While that might ultimately prove true, see Judge v. State, 596 So.2d 73, 76 (Fla. 2d DCA 1992) (en banc), at this point in the proceedings there is no order in the record denying appellant's motion and we cannot determine if what appellant says, that the trial court treated the 3.800 motion as a 3.850 motion, is true. We are not willing to affirm or reverse absent clarification of what the trial court did.
[6] We do mean to suggest that appellant does not have the duty to ensure that the record is complete. We believe that under the circumstances of this case, appellant has done all he could have done to have had the record completed and filed with this court.
[7] As noted, the State has now filed an answer brief. We are not sure if the State intended by filing the brief to abandon its motion to strike. For the reasons discussed, we have not deemed the motion withdrawn.