FRANK, Chief Judge.
Hill has appealed from sentences for one count of sale or delivery of cocaine within 1,000 feet of a school and another count of possession of cocaine. These sentences were imposed pursuant to a plea agreement. Hill now contests the legality of the probationary portion of the sentence.
In case number 91-576 the court sentenced Hill to 10½ years incarceration plus 2⅜ years probation. Hill was also sentenced in case number 91-577 to eight years probation, apparently to run concurrent with the sentence in case number 91-576. Because probationary and inearcerative sentences cannot be served simultaneously, Nobles v. State, 605 So.2d 996 (Fla. 2d DCA 1992), we reverse and remand the sentence for correction.
We note also that Hill has contested the trial court’s oral pronouncement that he pay certain costs, contending that they were ordered without notice. A defendant must be given notice before costs can be imposed, unless those costs are statutorily mandated. State v. Beasley, 580 So.2d 139 (Fla.1991); Alfonso v. State, 595 So.2d 583 (Fla. 2d DCA 1992). The costs imposed upon Hill were not a part of the written judgment and sentence and are therefore not binding on him. The same is trae of conditions of probations announced in open court. They were never reduced to writing in an order signed by the judge and accordingly have no effect.
DANAHY and PATTERSON, JJ., concur.