624 So.2d 417 (1993)
Blaine T. SMALL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-1871.
District Court of Appeal of Florida, Fifth District.
October 8, 1993.
Blaine T. Small, Jr., pro se.
No appearance for appellee.
THOMPSON, Judge.
Blaine T. Small (Small) appeals the summary denial of his motion for postconviction relief seeking credit for time served which he filed pursuant to Florida Rule of Criminal Procedure 3.800(a) or 3.850. He alleges that he should get 294 days credit for time served. We reverse.
*418 Small filed a motion for credit for county jail time. He stated that he was arrested on 19 November 1991 and sentenced on 21 October 1992. He requested that the Department of Corrections be notified that he was entitled to 294 days credit for time served. Small's motion is specific and legally sufficient. Sanders v. State, 579 So.2d 326 (Fla. 5th DCA 1991); Terry v. State, 567 So.2d 1050 (Fla. 5th DCA 1990). The trial judge entered an order denying his motion. The order read in part:
Your time has been recalculated by this Court and you have received all the time served that you are due. No more time will be authorized.
The trial court did not attach any documents to the order to conclusively show that Small was not entitled to the credit for time served that he requested.[1] Because the trial court did not attach the proper documents, the summary denial is reversed. See Ransom v. State, 601 So.2d 279, 280 (Fla. 1st DCA 1992); Mathews v. State, 596 So.2d 79 (Fla. 2d DCA 1991). The case is remanded for the trial judge to attach documents that conclusively show that Small is entitled to no relief, hold an evidentiary hearing or grant Small's motion. REVERSED and REMANDED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] See Florida Rule of Appellate Procedure 9.140(g).