HARRIS, Chief Judge.
This appeal raises a prison credit issue. Appellant alleged in a post-conviction motion that he received a split sentence of 30 months incarceration followed by 25 years probation for a crime committed in May, 1988. Upon revocation of probation the trial court allowed credit for the time actually served in prison. See §§ 944.28 and 948.06(6), Fla.Stat. (1993). Appellant claimed that he committed his offense before October 1, 1989, the effective date of the statutory amendments which authorize forfeiture of gain time upon revocation of probation.[1] Appellant asserted that he was entitled to prison credit for the entire 30 months.
The trial court denied relief on the basis that the charged offense, misappropriation of trust funds, was committed between October 1, 1989 and January 30, 1990, as alleged in the information. Thus, the court found that appellant’s gain time was subject to forfeiture.
Jail time and prison credit issues may be raised pursuant to Florida Rule of Criminal Procedure 3.800(a). A legally sufficient claim requires attachment of documents to support a denial of relief. See Small v. State, 624 So.2d 417 (Fla.5th DCA 1993). The trial court’s reason for denying relief in this case is correct, if supported by the record. Unfortunately the trial court did not attach a copy of the information to conclusively refute appellant’s claim that he committed his offense in May, 1988. We therefore reverse the order denying relief, and *275 remand for the court to attach those portions of the record refuting appellant’s claim.
REVERSED and REMANDED.
DIAMANTIS and THOMPSON, JJ., concur.

. Ch. 89-531, §§ 19-20, Laws of Fla.