PER CURIAM.
Mark Allen Thomas appeals the denial of a pro se motion to correct an illegal sentence. We reverse and remand for the trial court to attach those portions of the record refuting appellant’s claim.
In February 1990 appellant pled nolo con-tendere to the charge of strong armed robbery. He was sentenced to eighteen months’ incarceration with credit for sixty days’ jail time followed by three years’ probation. His prison sentence began May 30, 1990, and he was released from custody on September 17, 1990. On October 4,1994, appellant’s probation was revoked for a violation of probation and he was sentenced to three and one-half years in prison with credit for 247 days for time served.
Appellant then filed a motion for correction of illegal sentence in which he alleged that the record reflected that he was entitled to credit for the entire eighteen-month inear-cerative portion of his sentence. The trial court denied the motion stating in its order that it had considered both appellant’s motion and the state’s response in reaching its decision.
It is well settled that jail time and prison credit issues may be raised pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. See Cunningham v. State, 646 So.2d 274 (Fla. 5th DCA 1994). A legally sufficient claim requires attachment of documents to support a denial of relief. Id.; see also Small v. State, 624 So.2d 417 (Fla. 5th DCA 1993). The trial court did not attach any documents to the order to conclusively show that appellant was not entitled to the relief he requested. Because the trial court failed to do so, we must reverse the order denying relief and remand to the trial court to attach those portions of the record which refute appellant’s claim.
REVERSED and REMANDED WITH DIRECTIONS.
GUNTHER, C.J., KLEIN and SHAHOOD, JJ., concur.