# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CT-00963-SCT

*MARK DWAYNE SUMRELL*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 04/26/2005 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEPHEN NICK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DESHUN TERRELL MARTIN |
| DISTRICT ATTORNEY: | JOYCE IVY CHILES |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/10/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Mark Dwayne Sumrell was convicted of felony shoplifting and sentenced to life imprisonment as a habitual offender by the Washington County Circuit Court. We assigned the case to the Court of Appeals which affirmed his conviction and sentence in ***Sumrell v. State***, 2006 Miss. App. LEXIS 901 (Miss. Ct. App. Dec. 5, 2006)  Sumrell filed a petition for certiorari which this Court granted. Finding no reversible error, we affirm.

### FACTS

¶2. On October 13, 2003, James Ross, a security guard at the Kroger grocery store in Greenville, Mississippi, saw Mark Dwayne Sumrell remove a leather jacket from a rack in Kroger. Ross followed Sumrell and saw him put on the jacket. Ross also noticed that the price tags had been removed from the jacket. Sumrell approached the store exit without paying for the jacket. Ross apprehended Sumrell and asked him remove the jacket and go to the store's office with him. Sumrell asked if he could remove the jacket and leave, but Ross insisted that Sumrell go to the office, where Ross called police.

¶3. The police arrived, questioned Sumrell, photographed the leather jacket, and arrested Sumrell for shoplifting. Sumrell had two prior shoplifting convictions, thus he was charged with third-offense shoplifing, a felony. Miss. Code Ann. § 97-23-93(6) (Rev. 2006).

¶4. The trial court appointed Carol White-Richard, of the Washington County Public Defender's Office, as counsel for Sumrell. Ultimately, White-Richard accepted a job with the Washington County District Attorney's Office and Stephen Nick was appointed as Sumrell's new counsel.

## DISCUSSION

¶5. We find no merit to nor reason for discussion of most of the issues raised on certiorari. We adopt the reasoning and analysis of the Court of Appeals on those issues. We do, however, address the following issues raised for the first time on certiorari.

    **I.    Whether Sumrell Legitimately Raised the Issues Before the Court of Appeals that he now argues before this Court.**

2

¶6. After a careful review of the record, this Court concludes that Sumrell never raised either of the issues that he now claims were not addressed by the Court of Appeals: (1) that he was improperly sentenced under Mississippi Code Section 99-19-83; and (2) an Eighth Amendment proportionality claim. While pro se litigants are afforded some leniency, they "must be held to substantially the same standards of litigation conduct as members of the bar." *Perry v. Andy*, 858 So. 2d 143, 146 (Miss. 2003).

¶7. Appellate counsel was appointed to represent Sumrell in his appeal. Sumrell's appeal was filed on April 28, 2005, and was assigned to the Court of Appeals in May. In August, Sumrell mailed his own letter to the clerk of the Mississippi Supreme Court and copied his attorney. The letter stated that he was attempting to perfect his own appeal, listing three issues that he intended to raise in his appeal. The issues Sumrell listed included an argument that he was illegally sentenced under the habitual-offender statute, but he failed to mention the issue of proportionality. Sumrell did attach a list of citations to cases he deemed important including *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), which addresses proportionality. In relation to the statement of issues in an appellant's brief, Mississippi Rules of Appellate Procedure 28(a)(3) states that "[n]o separate assignment of errors shall be filed" and that "[n]o issue not distinctly identified shall be argued by counsel, except upon request of the court." We find that a mere letter to the Clerk does not sufficiently raise or preserve an issue for appeal.

¶8. In April of the following year, Sumrell's court-appointed appellate counsel filed Sumrell's appellant's brief. This brief officially asserted Sumrell's issues for appeal. It

3

included four issues, which were properly addressed by the Court of Appeals. One of the issues stated, "The appellant asserts that counsel did not sufficiently contest the requested amendment to the indictment, [i].e. changing same from 99-19-81 to 99-19-83." The brief included an excerpt from the trial transcript which included a statement of Sumrell's trial counsel asserting that the State did not show *in the indictment* that Sumrell was sentenced to and actually served more than one year on the underlying offenses. However, the issue as raised on appeal was couched as an ineffective-assistance-of-counsel claim.

¶9. In May, Sumrell sent another letter to the Clerk of the Mississippi Supreme Court and copied his attorney and the Mississippi Attorney General. This letter stated that Sumrell wanted his attorney to supplement his brief with the argument that the State failed to prove that he was sentenced to, and actually served, a year on each of the underlying offenses. Again, we find that this letter did not act as a pro se brief, nor did it bring or preserve this issue before the Court of Appeals. Sumrell did not file a supplemental or reply brief, and in December 2006, the Court of Appeals handed down its decision unanimously affirming the trial court.

¶10. In April 2007, Sumrell finally filed a pro se motion for post-conviction relief and an accompanying supporting brief, which he should have done in the very beginning of the appeal process. In this accompanying brief, Sumrell for the first time legitimately argues that the trial court erred in sentencing him under the habitual-offender statute because the State failed to prove that he was sentenced to and actually served more than one year on the

4

underlying offenses. This is also the first time Sumrell legitimately asserted that the sentence violated his constitutional rights because it was not proportionate to the crimes committed.

¶11. This Court recognizes that issues not raised on direct appeal or before the trial court are procedurally barred and are not subject to further review. *Wilcher v. State*, 479 So. 2d 710, 712 (Miss. 1985). The Court of Appeals had rendered its opinion four months prior to Sumrell filing this pro se brief, and the Court of Appeals opinion was final as that court had denied Sumrell's motion for rehearing and issued its mandate.

¶12. In May 2007, Sumrell's appellate counsel filed a petition for certiorari with this Court. Again, he raised the same issues he had raised before the Court of Appeals. The issues raised included the ineffective-assistance-of-counsel issue relating to the amendment of the indictment under the habitual offenders statute. The petition made no mention whatsoever of the proportionality issue.

¶13. In June 2007, Sumrell filed a pro se petition for certiorari with this Court. In it, Sumrell asserted that the State did not prove he was sentenced to and served one year for the underlying offenses. Sumrell never legitimately raised this issue before the Court of Appeals. Furthermore, Sumrell's petition for certiorari failed to mention the proportionality issue. This Court has held that issues not raised at trial or on direct appeal are procedurally barred. *McFarland v. Entergy Miss., Inc.*, 919 So. 2d 894, 904 (Miss. 2005).

¶14. Based on the above facts gleaned from the record, we find that Sumrell did not legitimately raise before the Court of Appeals either of the issues he now attempts to argue before this Court. Therefore, consideration by this Court by way of certiorari is

5

inappropriate. We accordingly apply the procedural bar. Procedural bar notwithstanding, the Court will address these issues on the merits.

**II.**     **Whether Sumrell Was Properly Sentenced Under Mississippi's Habitual Offender Statute**.

¶15.     Mississippi's habitual-offender statute, Mississippi Code Annotated Section 99-19-83 provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-83 (Rev. 2007). We note at the outset that the State must prove that the Sumrell actually served one year or more on two felony convictions. At trial, the trial court admitted the Mississippi Department of Corrections pen pack into evidence. The pen pack established the following facts:

1.     Sumrell was convicted of armed robbery, cause number 22,242, and sentenced to probation on September 23, 1991.

2.     Sumrell's probation on the armed robbery conviction was revoked on February 22, 1993, and he was sentenced to a three-year sentence. Sumrell began serving this sentence on February 11, 1993.

3.     Sumrell was convicted of possession of cocaine, cause number 23,077, on February 22, 1993, and he was sentenced to a three-year sentence to run concurrently with his robbery sentence. Sumrell began serving this sentence on February 11, 1993.

6

4. An amended order was entered on July 20, 1993.

5. Sumrell was released from jail on both the robbery and possession-of-cocaine sentences on March 23, 1994.

¶16. The above facts indicate that Sumrell served more than one year on both sentences. All the documents in the pen pack establish that Sumrell, in fact, was sentenced and served a year on the separate offenses of robbery and possession of cocaine. Therefore, the circuit court did not err in sentencing Sumrell in the present case as a habitual offender under Mississippi Code Annotated Section 99-19-83.

**III.** **Whether Sumrell's Life Sentence Was Disproportionate In Light of His Crimes.**

¶17. "[T]he general rule in Mississippi is that a sentence that does not exceed the maximum term allowed by the statute, cannot be disturbed on appeal." *Edwards v. State*, 800 So. 2d 454, 468 (Miss. 2001) (citing *Fleming v. State*, 601 So. 2d 280, 302 (Miss. 1992)). This Court "will review a sentence that allegedly imposed a penalty that is disproportionate to the crime." *Id.*

¶18. In *Edwards*, this Court discussed the proportionality analysis as laid out by the United States Supreme Court:

The United States Supreme Court set forth a three-prong test for an Eighth Amendment proportionality analysis in *Solem* as follows:

(i) the gravity of the offense and the harshness of the penalty;
(ii) the sentence imposed on other criminals in the same jurisdiction; and
(iii) the sentences imposed for commission of the same crime in other jurisdictions.

7

This Court noted, however, that ***Solem*** was overruled in ***Harmelin v. Michigan***, 501 U.S. 957, 965-66, 111 S. Ct. 2680, 2686-87, 115 L. Ed. 2d 836 (1991) "to the extent that it found a guarantee of proportionality in the Eighth Amendment. In light of ***Harmelin***, it appears that ***Solem*** is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality.'" ***Hoops v. State***, 681 So. 2d at 538 (citations omitted). The appellate courts will not apply the three-prong disproportionality test when there is a lack of this initial showing. ***Young v. State***, 731 So. 2d 1120, 1125 (Miss. 1999); ***Williams v. State***, 784 So. 2d 230, 236 (Miss. Ct. App. 2000).

800 So. 2d at 469. Applying our reasoning in ***Edwards*** to the case at bar, we find no merit to the issues.

## CONCLUSION

¶19. While Sumrell eventually did raise both of the issues that he now attempts to argue before this Court, he did not do so legitimately under the Rules of Appellate Procedure and our case law, or at the proper time to preserve the issues for appeal. Thus, we apply the procedural bar. Alternatively, procedural bar notwithstanding, we find no valid basis for the issues Sumrell raises considering the merits. We therefore affirm the judgments of the Court of Appeals and the trial court.

¶20. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF LIFE IMPRISONMENT, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**WALLER, P.J., EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR. LAMAR, J., CONCURS IN RESULT ONLY. DIAZ, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES AND DICKINSON, JJ.**

8

**DIAZ, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶21. I concur in the affirmance of Sumrell's conviction for felony shoplifiting, but I dissent from the affirmance of his sentence as a habitual offender. By holding that the trial court did not err in sentencing the defendant under Section 99-19-83, the majority makes a finding of fact that the trial judge never addressed, that the State never attempted to prove, and that is simply unsupported by the record. For these reasons, I must respectfully dissent in part.

¶22. Although the bulk of the majority opinion is devoted to finding that Sumrell is procedurally barred, prior precedent requires that this Court apply plain-error review to the habitual offender issue. This Court has previously held that when a defendant is wrongfully sentenced under Section 99-19-83 rather than Section 99-19-81, such an error is a denial of due process and is "too significant a deprivation of liberty to be subjected to a procedural bar." *Smith v. State*, 477 So. 2d 191, 195 (Miss. 1985). Because this is the exact issue raised in this case, this Court is bound by prior precedent to apply plain-error review.

¶23. Regarding the merits, the majority fails to acknowledge that the State must prove "beyond a reasonable doubt" that Sumrell actually served a year or more on each conviction. "Even though a defendant is not entitled to have a jury to pass upon the issue, the state has the burden of proving beyond a reasonable doubt all the elements required to convict an accused under Miss. Code Ann. § 99-19-83." *Ellis v. State*, 485 So. 2d 1062, 1063 (Miss. 1986) (citing *Wilson v. State*, 395 So. 2d 957 (Miss. 1981)). "An essential ingredient of [Section 99-19-83] is that the defendant shall have served at least one year under each

9

sentence." *Ellis*, 485 So. 2d at 1064. Accordingly, if the State fails to prove that the defendant actually served one year or more on two felony convictions, this Court must vacate the sentence and remand the case for resentencing. *Armstrong v. State*, 618 So. 2d 88, 89 (Miss. 1993) (citing *Ellis*, 485 So. 2d 1062).

¶24. Despite the majority's conclusion, the State failed to prove beyond a reasonable doubt that Sumrell served at least a year or more on each conviction. At the sentencing hearing, the trial court admitted Sumrell's pen pack during the testimony of Melvin Edwards of the Mississippi Department of Corrections. Edwards testified that the pen pack showed that Sumrell was convicted on September 23, 1991 for robbery and sentenced to three years supervised probation. He also testified that the documents demonstrated that Sumrell was convicted for possession of cocaine on February 22, 1993. Edwards never stated the sentence for the possession conviction, and he also never stated that Sumrell actually served a year or more on each charge.

¶25. The pen pack, consisting of MDOC documents and court orders, does show that Sumrell was convicted of possession of cocaine and robbery; however, it does not show, beyond a reasonable doubt, that he served at least one year for each crime. On February 22, 1993, the Washington County Circuit Court ordered Sumrell to serve a three-year sentence for his possession conviction. On July 20, 1993, Sumrell was sentenced to another three-year term for violating his probation. Sumrell entered MDOC custody on February 22, 1993, and was discharged March 23, 1994. Therefore, while he served roughly thirteen months for his possession conviction, Sumrell served only eight months for his probation violation.

10

¶26.     The majority finds that Sumrell's probation was revoked on February 22, 1993. However, the order entered on that day sentenced Sumrell *only* on the possession charge. The trial court did not order his probation revoked until July.

¶27.     This Court has held that any uncertainties in sentencing orders "must be resolved in favor of the accused." **State v. Willis**, 539 So. 2d 1043, 1045 (Miss. 1989); *See also* **Anderson v. State**, 288 So. 2d 852, 855 (Miss. 1974) (citing **Johnson v. State**, 260 So. 2d 436 (Miss. 1972)).   In addition, the orders imposing sentences control over the other documents contained in the pen pack. *See* **Anderson**, 288 So. 2d at 855.   Therefore, the record fails to establish that Sumrell actually served a year or more on both charges.

¶28.     Moreover, the trial court *never found* that Sumrell actually served a year or more on both prior convictions.   The sentencing order simply tracked the language of the amended indictment, which failed to include this essential element.   The original indictment charged Sumrell as a habitual offender under Section 99-19-81, which, if convicted, would require Sumrell to be sentenced to five years.   The prosecution moved to amend the indictment to charge Sumrell under Section 99-19-83.   Sumrell's attorney objected to the amendment at trial, and the prosecution admitted that the indictment was deficient:

> Defense:      Even with the amendment as the motion sets out, it still does not satisfy the requirements of that statute under 99-19-83, and we are objecting to the State proceeding under that particular statute because of the errors.

> Court:        In what respect?

> Defense:      The fact that this does not satisfy the requirements of the statute.

11

Court:         What does it not satisfy?

Defense:       It – Number 1, it doesn't state the crime with which he's been charged. It does not state that he was sentenced and actually served more than a year I think is what the requirement is. Not only must he be sentenced to more than a year, he must actually have served more than a year under that sentence.

Court:         And your indictment – your indictment doesn't include this?

Prosecution:   Probably not that portion.

Over this objection, the court allowed the amendment and sentenced Sumrell under Section 99-19-83 without finding that Sumrell had served at least a year or more on each conviction. Without such a finding, the trial court could not have sentenced Sumrell to life as a habitual offender. *Ellis*, 485 So. 2d at 1064.

¶29.    Because there was neither a finding nor an attempt to prove this essential element of Section 99-19-83, Sumrell should not have been sentenced to life imprisonment as a habitual offender. *Armstrong*, 618 So. 2d at 90; *Ellis*, 485 So. 2d at 1064; *Smith*, 477 So. 2d at 196. In *Ellis*, this Court was presented with an almost identical scenario. The indictment charged the defendant as a habitual offender under Section 99-19-83 but did not allege that he had actually served any time. *Ellis*, 485 So. 2d 1062. At his sentencing hearing, the State presented certified copies of two prior convictions, one with a sentence of three years and one with a sentence of five years. *Id.* at 1062-63. No further findings were made on the record, and the trial judge sentenced Ellis to life under Section 99-19-83. *Id.* at 1063. This Court vacated the sentence and remanded the case for resentencing under Section 99-19-81 because "the state never proved, nor indeed attempted to prove in the circuit court that he had

12

actually served one year or more on these [prior] sentences." ***Ellis***, 485 So. 2d 1063. *See also* ***Ellis v. State***, 520 So. 2d 495, 496 (Miss. 1988).

¶30.   ***Ellis*** is indistinguishable from the present case; and therefore, I would vacate Sumrell's sentence and remand for resentencing under Section 99-19-81 as originally charged.

**GRAVES AND DICKINSON, JJ., JOIN  THIS OPINION.**