¶ 21. I concur in the affirmance of Sumrell's conviction for felony shoplifting, but I dissent from the affirmance of his sentence as a habitual offender. By holding that the trial court did not err in sentencing the defendant under Section 99-19-83, the majority makes a finding of fact that the trial judge never addressed, that the State never attempted to prove, and that is simply unsupported by the record. For these reasons, I must respectfully dissent in part.
 ¶ 22. Although the bulk of the majority opinion is devoted to finding that Sumrell is procedurally barred, prior precedent requires that this Court apply plain-error review to the habitual offender issue. This Court has previously held that when a defendant is wrongfully sentenced under Section 99-19-83
rather than Section 99-19-81, such an error is a denial of due process and is "too significant a deprivation of liberty to be subjected to a procedural bar." Smith v. State,477 So.2d 191, 195 (Miss. 1985). Because this is the exact issue raised in this case, this Court is bound by prior precedent to apply plain-error review.
 ¶ 23. Regarding the merits, the majority fails to acknowledge that the State must prove "beyond a reasonable doubt" that Sumrell actually served a year or more on each conviction. "Even though a defendant is not entitled to have a jury to pass upon the issue, the state has the burden of proving beyond a reasonable doubt all the elements required to convict an accused under Miss. Code Ann. § 99-19-83."Ellis v. State, 485 So.2d 1062, 1063 (Miss. 1986) (citing Wilson v. State, 395 So.2d 957 (Miss. 1981)). "An essential ingredient of [Section 99-19-83] is that the defendant shall have served at least one year under each sentence." Ellis, 485 So.2d at 1064. Accordingly, if the State fails to prove that the defendant actually served one year or more on two felony convictions, this Court must vacate the sentence and remand the case for resentencing.Armstrong v. State, 618 So.2d 88, 89 (Miss. 1993) (citing Ellis, 485 So.2d 1062).
 ¶ 24. Despite the majority's conclusion, the State failed to prove beyond a reasonable doubt that Sumrell served at least a year or more on each conviction. At the sentencing hearing, the trial court admitted Sumrell's pen pack during the testimony of Melvin Edwards of the Mississippi Department of Corrections. Edwards testified that the pen pack showed that Sumrell was convicted on September 23, 1991 for robbery and sentenced to three years supervised probation. He also testified that the documents demonstrated that Sumrell was convicted for possession of cocaine on February 22, 1993. Edwards never stated the sentence for the possession *Page 578 
conviction, and he also never stated that Sumrell actually served a year or more on each charge.
 ¶ 25. The pen pack, consisting of MDOC documents and court orders, does show that Sumrell was convicted of possession of cocaine and robbery; however, it does not show, beyond a reasonable doubt, that he served at least one year for each crime. On February 22, 1993, the Washington County Circuit Court ordered Sumrell to serve a three-year sentence for his possession conviction. On July 20, 1993, Sumrell was sentenced to another three-year term for violating his probation. Sumrell entered MDOC custody on February 22, 1993, and was discharged March 23, 1994. Therefore, while he served roughly thirteen months for his possession conviction, Sumrell served only eight months for his probation violation.
 ¶ 26. The majority finds that Sumrell's probation was revoked on February 22, 1993. However, the order entered on that day sentenced Sumrell only on the possession charge. The trial court did not order his probation revoked until July.
 ¶ 27. This Court has held that any un-certainties in sentencing orders "must be resolved in favor of the accused."State v. Willis, 539 So.2d 1043, 1045 (Miss. 1989);See also Anderson v. State, 288 So.2d 852, 855 (Miss. 1974) (citing Johnson v. State, 260 So.2d 436
(Miss. 1972)). In addition, the orders imposing sentences control over the other documents contained in the pen pack.See Anderson, 288 So.2d at 855. Therefore, the record fails to establish that Sumrell actually served a year or more on both charges.
 ¶ 28. Moreover, the trial court never found that Sumrell actually served a year or more on both prior convictions. The sentencing order simply tracked the language of the amended indictment, which failed to include this essential element. The original indictment charged Sumrell as a habitual offender under Section 99-19-81, which, if convicted, would require Sumrell to be sentenced to five years. The prosecution moved to amend the indictment to charge Sumrell under Section 99-19-83. Sumrell's attorney objected to the amendment at trial, and the prosecution admitted that the indictment was deficient:
 Defense: Even with the amendment as the motion sets out, it still does not satisfy the requirements of that statute under 99-19-83, and we are objecting to the State proceeding under that particular statute because of the errors.
 Court: In what respect?
 Defense: The fact that this does not satisfy the requirements of the statute.
 Court: What does it not satisfy?
 Defense: It — Number 1, it doesn't state the crime with which he's been charged. It does not state that he was sentenced and actually served more than a year I think is what the requirement is. Not only must he be sentenced to more than a year, he must actually have served more than a year under that sentence.
 Court: And your indictment — your indictment doesn't include this?
 Prosecution: Probably not that portion.
Over this objection, the court allowed the amendment and sentenced Sumrell under Section 99-19-83 without finding that Sumrell had served at least a year or more on each conviction. Without such a finding, the trial court could not have sentenced Sumrell to life as a habitual offender.Ellis, 485 So.2d at 1064.
 ¶ 29. Because there was neither a finding nor an attempt to prove this essential element of Section 99-19-83, Sumrell should not have been sentenced to life *Page 579 
imprisonment as a habitual offender. Armstrong,618 So.2d at 90; Ellis, 485 So.2d at 1064;Smith, 477 So.2d at 196. In Ellis, this Court was presented with an almost identical scenario. The indictment charged the defendant as a habitual offender under Section 99-19-83 but did not allege that he had actually served any time. Ellis, 485 So.2d 1062. At his sentencing hearing, the State presented certified copies of two prior convictions, one with a sentence of three years and one with a sentence of five years. Id. at 1062-63. No further findings were made on the record, and the trial judge sentenced Ellis to life under Section 99-19-83. Id. at 1063. This Court vacated the sentence and remanded the case for resentencing under Section 99-19-81 because "the state never proved, nor indeed attempted to prove in the circuit court that he had actually served one year or more on these [prior] sentences." Ellis, 485 So.2d at 1063. See alsoEllis v. State, 520 So.2d 495, 496 (Miss. 1988).
 ¶ 30. Ellis is indistinguishable from the present case; and therefore, I would vacate Sumrell's sentence and remand for resentencing under Section 99-19-81 as originally charged.
GRAVES AND DICKINSON, JJ., JOIN THIS OPINION.