ROBERTS, J.,
concurring in part and dissenting in part:
¶ 20. While I concur with the affirmation of Stevenson’s conviction, I must re *932 spectfully dissent from the majority’s finding that the circuit court did not err when it denied the State’s request to conduct a habitual-offender sentencing hearing under section 99-19-81. I would reverse the circuit court’s judgment and remand for a new sentencing hearing, with the State allowed to present evidence of Stevenson’s habitual-offender status pursuant to section 99-19-81. By the grand jury indicting Stevenson as a section 99-19-83 habitual offender, Stevenson was necessarily charged also as a section 99-19-81 habitual offender.
¶ 21. On July 30, 2012, a Warren County grand jury indicted Stevenson on one count of felony domestic violence as a habitual offender pursuant to section 99-19-83. Stevenson’s indictment regarding his habitual-offender status read, in pertinent part: “Stevenson has twice previously been convicted of felonies upon charges separately brought and arising out of separate incidents at different times, and has been sentenced to separate terms of one year or more in a State or Federal Penal Institution[.]” According to the indictment, the underlying crimes that served as the basis for the enhancement were a 1991 manslaughter conviction, a crime of violence, in Memphis, Tennessee, for which Stevenson “was sentenced to serve a term of three years ... and did serve one year or more[,]” and a 2003 conviction on four counts of aggravated robbery, also crimes of violence, in Memphis, Tennessee, for which Stevenson “was sentenced to serve a term of [ten] years in a penal institution and did serve one year or more.”[1]
¶ 22. Stevenson elected to go to trial on March 18, 2013, and a jury convicted him on one count of felony domestic violence. After the jury’s verdict, but before Stevenson’s sentencing hearing, the State first discovered it was unlikely that it would be able to meet every element as required under section 99-19-83, because even though Stevenson had been sentenced to three years in the Tennessee Department of Corrections’ custody for manslaughter, it appeared he had served only nine months in the Shelby County Detention Facility before he was released. The State moved to amend Stevenson’s indictment to reduce his true status to a nonviolent habitual offender under section 99-19-81, which would subject Stevenson to ten years, the maximum, to be served without the possibility of a reduced sentence, a suspended sentence, parole, or probation.[2] The circuit court refused the State’s request to proceed with a sentencing hearing as a section 99-19-81 nonviolent habitual offender, and it sentenced Stevenson without a habitual-offender sentence enhancement.[3]
¶ 23. I first note that the appel-lee/cross-appellant, the State, proceeds on *933 its cross-appeal under the authority of Mississippi Code Annotated section 99-35-103(c) (Rev.2007), which provides that the State:
[M]ay prosecute an appeal from a judgment of the circuit court in a criminal cause ... [f]rom a ruling adverse to the [S]tate ... in every case in which the defendant is convicted and prosecutes an appeal; and the case shall be treated as if a cross[-]appeal had been formally presented by the [S]tate. All questions of law thus presented shall be decided by the [Mississippi] Supreme Court.
Stevenson appealed his conviction, and the State cross-appealed on the adverse ruling by the circuit court, which denied the State’s request to conduct a section 99-19-81 habitual-offender sentencing hearing. Thus, the State’s cross-appeal is properly before this Court.
¶ 24. There are two companion statutes that relate to habitual-offender sentencing. The first is found in section 99-19-81, and reads:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Under this statute, the State must prove, beyond a reasonable doubt, the following:
1. Two prior felony convictions,
2. Upon charges separately brought and arising out of separate incidents at different times, and
3. Sentences of separate terms of one year or more for each conviction.
If the State proves these elements, the circuit court must impose a sentence of the maximum term of imprisonment for the crime committed, without eligibility for a reduced sentence, a suspended sentence, parole, or probation.
¶ 25. The companion habitual-offender statute is codified in section 99-19-83. Section 99-19-83 states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more ... in any state and/or federal penal institution, ... and where any one (1) of such felonies shall have been a crime of violence ..., shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.
Section 99-19-83 contains the exact same first three elements as section 99-19-81, but it adds two other elements:
4. The defendant actually served one or more year in custody on each conviction, and
5. One of the prior convictions was a crime of violence.
However, the sentence imposed under section 99-19-83 is life imprisonment without the possibility of a reduced sentence, a suspended sentence, parole, or probation. As a consequence, any accused felon properly and timely indicted as a habitual offender under section 99-19-83 is also, necessarily, properly and *934 timely indicted under the lesser habitual-offender statute, section 99-19-81.
¶ 26. As the majority notes, the Mississippi Supreme Court has held that a post-trial amendment to an indictment adding a habitual-offender enhancement for the first time is improper because the defendant does not have notice of the maximum and minimum sentences; thus, it is said to be an “unfair surprise.” Gowdy v. State, 56 So.3d 540, 545-46 (¶¶ 19-21) (Miss.2010). At first blush, it would appear that Gowdy would preclude the State from seeking an amendment to Stevenson’s indictment to change his habitual-offender enhancement because it was done after trial; however, I submit that because the State was seeking to amend an indictment already containing a habitual-offender enhancement to a less severe habitual-offender enhancement, the concern of “unfair surprise” in Gowdy is clearly absent. Stevenson certainly had notice for nine months before trial that the State was seeking an enhanced sentence of a life term as a habitual offender, and he was aware of the elements that the State would have to prove under that enhancement. As discussed above, the first three elements of section 99-19-81 and section 99-19-83 are identical. Stevenson’s indictment provided him notice of all of the elements found in section 99-19-83; therefore, it follows that he also had notice of all of the elements found in section 99-19-81. The State’s request could constitute no “unfair surprise” to Stevenson.
¶ 27. Additionally, it is established that an amendment to an indictment is permitted if it is an amendment of form and not of substance. See Jones v. State, 912 So.2d 973, 976 (¶ 9) (Miss.2005) (citing Rhymes v. State, 638 So.2d 1270, 1275 (Miss.1994)). The test to determine whether an amendment to an indictment is one of form or substance is also well established. “[I]f the change does not materially alter facts which are the essence of the offense on the face of the original indictment or if the change does not materially alter a defense to the original indictment so as to prejudice the defendant’s case[,]” then it is an amendment to the form of the indictment and not the substance. Chandler v. State, 789 So.2d 109, 111 (¶ 4) (Miss.Ct.App.2001). Here, the amendment only affected the sentencing portion of Stevenson’s case, came as no “unfair surprise” to Stevenson, and was not a defense to the underlying charge of felony domestic violence; thus, the amendment was one of form and not substance. , See Williams v. State, 766 So.2d 815, 816-18 (¶¶ 5, 7, 10) (Miss.Ct.App.2000).
¶ 28. I submit that since Stevenson was aware that the State was seeking an enhancement, he had notice of the elements of both habitual-offender statutes, and he was not unfairly surprised by the amendment. Therefore, the circuit court erred in denying the State’s amendment, and I would reverse and remand to the circuit court for. another sentencing hearing.
¶ 29. There is no double-jeopardy concern regarding Stevenson being resen-tenced as a section 99-19-81 habitual offender. In Ellis v. State, 520 So.2d 495, 496 (Miss.1988), the supreme court stated: “[A] habitual offender’s sentencing hearing, as a trial on the sentence, constitutes jeopardy; therefore, when a defendant’s conviction has been overturned due to a failure of proof at trial, the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble.” Relying on Ellis, this Court held in Short v. State, 929 So.2d 420, 426 (¶ 18) (Miss.Ct.App.2006): “[T]he double jeopardy clause of the Mississippi Constitution of 1890 prohibits the introduction of any new evidence on remand to establish ... habitual *935 offender[-]statusHowever, this is not a case in which the State failed to.prove the habitual-offender elements. When the State has never had an opportunity to prove habitual-offender status at the first trial, and, on appeal, the case is reversed, there is no double-jeopardy violation when the State proves habitual-offender status on a retrial on sentencing. See Gray v. State, 605 So.2d 791, 793 (Miss.1992) (Although initially indicted as a habitual offender, Gray’s “status as a habitual offender was not determined until after the sentencing trial” because he was initially sentenced to death. “Therefore, since Gray’s status as a habitual offender was not previously determined, the present finding of habitual[-]offender status was not barred by double jeopardy.”). Simply put, the State never had a chance to prove Stevenson’s habitual-offender status because the circuit court denied the motion. Upon remand, the State should be permitted to submit proof, if it can, of Stevenson’s habitual-offender status. If the State can prove the elements of section 99-19-81 habitual-offender statute beyond a reasonable doubt, the circuit court should sentence Stevenson as a section 99-19-81 habitual offender.
¶ 30. Accordingly, I concur with the majority’s affirmation of Stevenson’s conviction, but for the above reasons, I respectfully dissent from the majority’s denial of the State’s cross-appeal.
MAXWELL AND JAMES, JJ„ JOIN THIS OPINION.

. Stevenson was convicted of manslaughter for shooting a man five times and killing him. His conviction of four counts of aggravated robbery arose out of acts on the same day on charges not separately brought.

. By being sentenced as a non-habitual offender, it appears Stevenson would be eligible for trusty status (Mississippi Code Annotated section 47-5-138.1 (Rev.2011)); earned-release supervision (Mississippi Code Annotated section 47-5-138 (Supp.2014)); or parole (Mississippi Code Annotated section 47-7-3 (Supp.2014)).

.Ironically, if the State had made no motion to amend the indictment, proceeded to a habitual-offender sentencing hearing, and admitted that the proof failed to establish Stevenson actually served one year or more in custody for his manslaughter conviction, the circuit court would still have full authority to sentence Stevenson as a section 99-19-81 habitual offender. See Beal v. State, 86 So.3d 887, 892-93 (¶¶ 13-14) (Miss.2012) (citing Nathan v. State, 552 So.2d 99, 105-107 (Miss.1989)); Reed v. State, 31 So.3d 48, 56 (¶ 33) (Miss.Ct.App.2009).