# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00025-COA

**ALBERT LEWIS WATTS A/K/A ALBERT L. WATTS A/K/A ALBERT WATTS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:              12/12/2016
TRIAL JUDGE:                  HON. CHRISTOPHER A. COLLINS
COURT FROM WHICH APPEALED:    LEAKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       ALBERT LEWIS WATTS (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: LISA L. BLOUNT
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  REVERSED AND REMANDED: 04/10/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., WESTBROOKS AND TINDELL, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Albert Lewis Watts filed a petition for post-conviction collateral relief (PCCR) in the Circuit Court of Leake County.  The circuit court found it lacked jurisdiction to entertain the petition due to Watts's failure to obtain leave from the Mississippi Supreme Court to proceed in the circuit court.  Because we find the circuit court had jurisdiction to consider the petition for PCCR, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.    In 2012, Watts was convicted of armed robbery and sentenced to life imprisonment as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2007).

*Watts v. State*, 132 So. 3d 1062, 1063-64 (¶¶1, 4) (Miss. Ct. App. 2014). On appeal, we found the State failed to prove beyond a reasonable doubt that Watts had served a term of at least one year on each sentence, as required under section 99-19-83. *Id*. at 1065 (¶9). As a result, we affirmed Watts's conviction but reversed and remanded for resentencing under Mississippi Code Annotated section 99-19-81 (Rev. 2007). *Id*.

¶3. On remand, Watts was resentenced as a habitual offender under section 99-19-81 to serve twenty-three years in the custody of the Mississippi Department of Corrections. A new sentencing order was entered by the circuit court. Watts did not appeal from that order.

¶4. On April 22, 2016, Watts filed the subject petition for PCCR in the circuit court. On December 12, 2016, the circuit court found it was without jurisdiction to entertain the petition since Watts failed to obtain leave from the Mississippi Supreme Court prior to filing his petition in the circuit court. As a result, the circuit court dismissed Watts's petition for PCCR. Watts timely appealed.

¶5. In addition to this appeal, Watts also filed with the Mississippi Supreme Court an "application for leave to proceed in [the] trial court with petition for PCCR." In his application, Watts sought permission to file his petition for PCCR in the circuit court. On February 8, 2017, the Mississippi Supreme Court found "that Watts's current sentence has not been appealed and that the request for post-conviction relief should be dismissed without prejudice to be filed in the [circuit] court."

## STANDARD OF REVIEW

¶6. We will not disturb a circuit court's denial of a petition for PCCR unless the factual

2

findings are clearly erroneous. *Kennedy v. State*, 179 So. 3d 82, 83 (¶5) (Miss. Ct. App. 2015). However, questions of law are reviewed de novo. *Id.*

ANALYSIS

¶7. Pursuant to Mississippi Code Annotated section 99-39-7 (Supp. 2009), a petition for PCCR

> shall be filed as an original civil action in the [circuit] court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the [petition for PCCR] shall not be filed in the [circuit] court until the [petition] shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi . . . and an order granted allowing the filing of such [petition] in the [circuit] court.

Thus, unless Watts's conviction *and* sentence have been appealed and affirmed, or the appeal was dismissed, any petition for PCCR must be filed in the circuit court.

¶8. Here, as the Mississippi Supreme Court noted, Watts's current sentence has not been appealed. Since his current sentence has not been appealed, Watts was not required to seek leave to proceed in the circuit court. Thus, Watts's petition for PCCR was properly filed in the circuit court, which had jurisdiction to entertain the petition pursuant to section 99-39-7.

¶9. The dissent agrees that the circuit court had jurisdiction to consider Watts's petition for PCCR but asserts, "it would be a waste of judicial economy to remand this case to the circuit court for review and consideration." However, that is exactly what our supreme court instructed. In the February 8, 2017 order, the supreme court noted that a "related matter is pending in Cause Number 2017-TS-00025." That pending matter is the case before us. Thus, the supreme court was aware that Watts had filed his petition for PCCR in the circuit

3

court and that his petition had been dismissed for a lack of jurisdiction. The supreme court could have denied Watts's application as meritless but, instead, found that the circuit court had jurisdiction to hear the petition and stated "that the request for post-conviction relief should be . . . filed in the trial court."

¶10.    Additionally, the dissent asserts we "may affirm a trial court's decision if the correct result is reached, even if the trial court reached the result for the wrong reason." While we agree with the dissent's assertion, the dissent ignores the fact that a dismissal and a denial are different. Here, the circuit court *dismissed* the case due to a lack of jurisdiction, which does not implicate the merits of the case. In other words, the circuit court dismissed the petition for PCCR without addressing the issues raised by Watts. Yet, on appeal, the dissent addresses those issues and finds them to be meritless. Thus, assuming the dissent's analysis and conclusions are correct, it would result in a *denial* of the petition for PCCR, not *dismissal*. As the circuit court dismissed the case for a lack of jurisdiction, we find the correct result was not reached. Accordingly, we reverse the judgment of the circuit court and remand Watts's petition for PCCR to the circuit court for review and consideration.[1]

¶11.    **REVERSED AND REMANDED.**

**LEE, C.J., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CARLTON, J.**

**IRVING, P.J., DISSENTING:**

¶12.    The majority reverses the judgment of the Circuit Court of Leake County dismissing

---

[1] The State concedes that the circuit court has jurisdiction to consider Watts's petition for PCCR and agrees that we should remand this case to the circuit court for further review.

Watts's petition for post-conviction relief (PCR) because, in the view of the majority, Watts was not required to obtain permission from the Mississippi Supreme Court before filing his PCR petition in the circuit court. I agree with the majority that the circuit court erred in finding that obtaining such permission was a prerequisite to Watts's filing his PCR petition with that court. Consequently, I agree with the majority that the circuit court had jurisdiction to consider Watts's PCR petition. However, I disagree with the majority that the circuit court's erroneous decision to dismiss Watts's PCR petition on jurisdictional grounds requires us to reverse and remand the case to the circuit court for review of Watts's petition. Therefore, I dissent.

¶13. The majority correctly notes that only Watts's conviction was affirmed by this Court on appeal, and the statutory requirement—that a defendant obtain permission from the supreme court before filing a PCR petition in the circuit court—is applicable only in cases where both the conviction and sentence of the defendant has been affirmed or dismissed on appeal. Nevertheless, I believe to remand this case to the circuit court is to exhort form over substance. I explain.

¶14. First, I reiterate that Watts's conviction was affirmed. In his direct appeal of his conviction, he raised only two issues: "(1) the trial court erred in not declaring a mistrial or instructing the jury to disregard the testimony of State witness Judice Eubanks, and (2) the trial court improperly sentenced him as a habitual offender." *Watts*, 132 So. 3d 1062, 1063 (¶1) (Miss. Ct. App. 2014). We affirmed Watts's conviction but remanded the case for the court to resentence Watts. *Id*. So the issues that were raised or could have been raised in his

5

direct appeal cannot be relitigated in a PCR petition. Miss. Code Ann. § 99-39-21 (Rev. 2015). Second, we reversed Watts's sentence not because the State did not prove that he was a habitual offender, but because the State failed to prove that he was a habitual offender pursuant to section 1983 of the Mississippi Code of 1972 as amended and annotated. In other words, the State failed to prove that Watts had served a term of at least one year on each sentence that he had received for the predicate felonies giving rise to his habitual status. *Watts*, 132 So. 3d at 1065 (¶9). We found the evidence sufficient to prove that Watts was a habitual offender pursuant to section 99-19-81 of the Mississippi Code of 1972 as amended and annotated, and remanded the case to the circuit court for resentencing pursuant to that code section. *Id*.

¶15. After Watts was resentenced on remand in accordance with the provisions of section 99-19-81, he filed the PCR petition leading to this appeal. In his PCR petition, he alleged three grounds for relief, which I quote verbatim (except for the addition of some minor punctuation) because of their importance to my view of the resolution of the issue before us, and for the additional reason of avoiding any chance of inadvertently mischaracterizing them. Those issues are:

> Petitioner was convicted and is in custody of the M.D.O.C. in violation[] of the United States Constitution Laws and Treaties, the Mississippi constitution Bill of Rights by: false imprisonment through denial of due process and equal protection of laws for a fair trial and right to testify and compulsory process to establish alibi defense and lack of probable cause for arrest initially through breach of duty to investigate exculpatory evidence and racial discrimination[,] malicious prosecution, selective prosecution, prosecutorial and judicial misconduct[,] ADA discriminations[.]

> Petitioner was convicted and is in custody of the M.D.O.C. in violation[] of the

6

United States Constitution Laws and Treaties[,] the Mississippi Constitution Bill of Rights and State Laws through denial of competent effective counsel and discovery of evidence favorable to defense[,] false statements of trial counsel[,] deficient performance.

Petitioner was convicted and is in custody of the M.D.O.C. in violation[] of the United States Constitution Laws and Treaties[,] the Mississippi Constitution Bill of Rights and State Laws through denial of competent effective appellate counsel[,] and cruel and unusual punishment[,] illegal sentence[,] double jeopardy[.]

¶16. I note that Watts's appellate counsel was different from his trial counsel. Therefore, during his direct appeal, he was required to raise any issues regarding the ineffectiveness of trial counsel. *Ronk v. State*, 172 So. 3d 1112, 1130 (¶37) (Miss. 2015). He did not. Consequently, any issue regarding trial counsel's performance is procedurally barred in post-conviction proceedings. *Id*. So on remand, the circuit court would not be obligated to hear any issues that Watts raises regarding his trial counsel's performance. It seems clear to me that such a bar would cover the first and second issues quoted above.

¶17. In the third issue, Watts, in a rather convoluted manner, states that he is in custody "through" the denial of competent effective appellate counsel. He then explains in his recitation of supporting facts that he had a right to a false-imprisonment claim on direct appeal that appellate counsel failed to file. He continues his factual explanation with the following inexplicable statement, which I quote verbatim in an effort to discern its contextual meaning: "Also rights to access to the records discoveries property stolen by defense counsel and District Attorney Larry McMurtry. Petitioner was entitled to a prosecutorial and judicial misconduct claim arguments on direct appeal." I assume by the first portion of Watts's statement, he means that appellate counsel should have asserted on direct appeal that trial

7

counsel had not shared discovery with Watts. As to the last portion of the quoted explanation, I cannot fathom Watts's assertion. Finally, Watts claims that appellate counsel did not raise an argument regarding "compulsory[-]rights violations," apparently meaning that appellate counsel did not raise an issue regarding trial counsel's failure to subpoena a witness who allegedly would have given testimony rebutting the State's evidence or would have given mitigating testimony. However, Watts fails to give any specifics.

¶18. Watts did not attach any affidavits in support of the allegations made in his PCR petition, nor did he state in details in his petition why none could be obtained as required by Mississippi Code Annotated section 99-39-9(1)(e) (Rev. 2015). He stated that members of the jury would have to be "subpoenaed for their ancillary testimony on those issues presented and supplemental change of heart [sic] after remand." He also stated that other witnesses would have to be subpoenaed to verify their affidavits. However, as stated, Watts did not attach any affidavits to his PCR petition.

¶19. It is clear to me that while Watts's PCR petition alleges that he is being unlawfully held in custody, it does not meet the pleading requirements of section 99-39-9(1)(e). Therefore, it would be a waste of judicial economy to remand this case to the circuit court "for review and consideration" as directed by the majority. I would affirm the dismissal of Watts's petition on the basis that it does not meet the pleading requirements of section 99-39-9(1)(e). "An appellate court may affirm a trial court's decision if the correct result is reached, even if the trial court reached the result for the wrong reasons." *Boone v. State*, 148 So. 3d 377, 379 (¶7) (Miss. Ct. App. 2014).

**CARLTON, J., JOINS THIS OPINION.**