GRIFFIS, P.J., FOR THE COURT:
 

 ¶ 1. Albert Lewis Watts filed a petition for post-conviction collateral relief (PCCR) in the Circuit Court of Leake County. The circuit court found it lacked jurisdiction to entertain the petition due to Watts's failure to obtain leave from the Mississippi Supreme Court to proceed in the circuit court. Because we find the circuit court had jurisdiction to consider the petition for PCCR, we reverse and remand.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In 2012, Watts was convicted of armed robbery and sentenced to life imprisonment as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2007).
 
 Watts v. State
 
 ,
 
 132 So.3d 1062
 
 , 1063-64 (¶¶ 1, 4) (Miss. Ct. App. 2014). On appeal, we found the State failed to prove beyond a reasonable doubt that Watts had served a term of at least one year on each sentence, as required under section 99-19-83.
 

 Id.
 

 at 1065
 
 (¶ 9). As a result, we affirmed Watts's conviction but reversed and remanded for resentencing under Mississippi Code Annotated section 99-19-81 (Rev. 2007).
 

 Id.
 

 ¶ 3. On remand, Watts was resentenced as a habitual offender under section 99-19-81 to serve twenty-three years in the custody of the Mississippi Department of Corrections. A new sentencing order was entered by the circuit court. Watts did not appeal from that order.
 

 ¶ 4. On April 22, 2016, Watts filed the subject petition for PCCR in the circuit court. On December 12, 2016, the circuit court found it was without jurisdiction to entertain the petition since Watts failed to obtain leave from the Mississippi Supreme Court prior to filing his petition in the
 circuit court. As a result, the circuit court dismissed Watts's petition for PCCR. Watts timely appealed.
 

 ¶ 5. In addition to this appeal, Watts also filed with the Mississippi Supreme Court an "application for leave to proceed in [the] trial court with petition for PCCR." In his application, Watts sought permission to file his petition for PCCR in the circuit court. On February 8, 2017, the Mississippi Supreme Court found "that Watts's current sentence has not been appealed and that the request for post-conviction relief should be dismissed without prejudice to be filed in the [circuit] court."
 

 STANDARD OF REVIEW
 

 ¶ 6. We will not disturb a circuit court's denial of a petition for PCCR unless the factual findings are clearly erroneous.
 
 Kennedy v. State
 
 ,
 
 179 So.3d 82
 
 , 83 (¶ 5) (Miss. Ct. App. 2015). However, questions of law are reviewed de novo.
 

 Id.
 

 ANALYSIS
 

 ¶ 7. Pursuant to Mississippi Code Annotated section 99-39-7 (Supp. 2009), a petition for PCCR
 

 shall be filed as an original civil action in the [circuit] court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the [petition for PCCR] shall not be filed in the [circuit] court until the [petition] shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi ... and an order granted allowing the filing of such [petition] in the [circuit] court.
 

 Thus, unless Watts's conviction
 
 and
 
 sentence have been appealed and affirmed, or the appeal was dismissed, any petition for PCCR must be filed in the circuit court.
 

 ¶ 8. Here, as the Mississippi Supreme Court noted, Watts's current sentence has not been appealed. Since his current sentence has not been appealed, Watts was not required to seek leave to proceed in the circuit court. Thus, Watts's petition for PCCR was properly filed in the circuit court, which had jurisdiction to entertain the petition pursuant to section 99-39-7.
 

 ¶ 9. The dissent agrees that the circuit court had jurisdiction to consider Watts's petition for PCCR but asserts, "it would be a waste of judicial economy to remand this case to the circuit court for review and consideration." However, that is exactly what our supreme court instructed. In the February 8, 2017 order, the supreme court noted that a "related matter is pending in Cause Number 2017-TS-00025." That pending matter is the case before us. Thus, the supreme court was aware that Watts had filed his petition for PCCR in the circuit court and that his petition had been dismissed for a lack of jurisdiction. The supreme court could have denied Watts's application as meritless but, instead, found that the circuit court had jurisdiction to hear the petition and stated "that the request for post-conviction relief should be ... filed in the trial court."
 

 ¶ 10. Additionally, the dissent asserts we "may affirm a trial court's decision if the correct result is reached, even if the trial court reached the result for the wrong reason." While we agree with the dissent's assertion, the dissent ignores the fact that a dismissal and a denial are different. Here, the circuit court
 
 dismissed
 
 the case due to a lack of jurisdiction, which does not implicate the merits of the case. In other words, the circuit court dismissed the petition for PCCR without addressing the issues raised by Watts. Yet, on appeal, the dissent addresses those issues and finds
 them to be meritless. Thus, assuming the dissent's analysis and conclusions are correct, it would result in a
 
 denial
 
 of the petition for PCCR, not
 
 dismissal
 
 . As the circuit court dismissed the case for a lack of jurisdiction, we find the correct result was not reached. Accordingly, we reverse the judgment of the circuit court and remand Watts's petition for PCCR to the circuit court for review and consideration.
 
 [1]
 

 ¶ 11.
 
 REVERSED AND REMANDED.
 

 LEE, C.J., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CARLTON, J.
 

 CARLTON, J., JOINS THIS OPINION.
 

 The State concedes that the circuit court has jurisdiction to consider Watts's petition for PCCR and agrees that we should remand this case to the circuit court for further review.