# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00333-COA

**TORREY POWELL A/K/A TORREY ADARYL**　　　　　　**APPELLANT**
**POWELL A/K/A TORREY A. POWELL**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　**APPELLEE**

DATE OF JUDGMENT:　　　　　　　03/31/2022
COURT FROM WHICH APPEALED:　　MADISON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:　　　　OFFICE OF STATE PUBLIC DEFENDER
　　　　　　　　　　　　　　　　BY: W. DANIEL HINCHCLIFF
　　　　　　　　　　　　　　　　TORREY POWELL (PRO SE)
ATTORNEY FOR APPELLEE:　　　　　OFFICE OF THE ATTORNEY GENERAL
　　　　　　　　　　　　　　　　BY: ALLISON HORNE
DISTRICT ATTORNEY:　　　　　　　JOHN K. BRAMLETT JR.
NATURE OF THE CASE:　　　　　　　CRIMINAL - FELONY
DISPOSITION:　　　　　　　　　　AFFIRMED - 10/24/2023
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., WESTBROOKS AND McDONALD, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.　A Madison County grand jury indicted Torrey Powell for possession of more than twenty dosage units but less than forty dosage units of methamphetamine (Count I) and possession of more than two grams but less than ten grams of methamphetamine (Count II). Powell was charged as a subsequent drug offender and a nonviolent habitual offender under Mississippi Code Annotated sections 41-29-147 (Rev. 2018) and 99-19-81 (Supp. 2018) respectively. After a jury trial, Powell was convicted as charged. The trial court sentenced Powell to serve forty years for Count I and sixteen years for Count II as a subsequent drug

offender and a nonviolent habitual offender, with the sentences set to run concurrently without eligibility for early release or parole, in the custody of the Mississippi Department of Corrections.

¶2. Powell now appeals. He is represented by appointed counsel from the Office of the State Public Defender, Indigent Appeals Division. Powell's counsel filed a *Lindsey*[1] brief stating he could find no arguable issues to appeal. Powell, however, filed a pro se brief raising an issue related to his sentencing as a habitual offender, which is without merit. Accordingly, we affirm.

## STATEMENT OF FACTS

¶3. On the evening of April 29, 2020, narcotics investigator Rob Parker with the Madison Police Department pulled Powell over for careless driving. Powell was driving a rental car on I-55 in Madison County. His girlfriend and an infant were in the back seat.

¶4. During the traffic stop, Investigator Parker asked Powell for his driver's license and proof of insurance, but Powell could not provide them. Because Investigator Parker could not hear Powell's responses to his questions due to the noise of traffic, Parker asked Powell to step out of the vehicle and speak with him near the trunk area of Powell's vehicle. There, Investigator Parker explained the reason for the traffic stop and performed a customary pat-down search of Powell to check for weapons. Investigator Parker found a pill bottle in Powell's pants pocket. When Investigator Parker asked what was inside the pill bottle, Powell said "meth, heroin, and ecstasy."

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

¶5. Upon retrieving the pill bottle from Powell's pocket, Investigator Parker saw that inside the orange bottle was a clear plastic sandwich bag that contained numerous multicolored tablets that he suspected were ecstasy, and another clear bag contained a powdery substance that he suspected was methamphetamine. Investigator Parker then searched Powell's vehicle and found a package in the back seat near the girlfriend's feet that was later found to be methamphetamine.[2]

¶6. The suspected drugs were sent to the Mississippi Forensics Laboratory for testing. At trial, the pill bottle, clear plastic bag, twenty-one multicolored tablets, and clear bag containing a powdery substance were entered into evidence. Archie Nichols, a forensic scientist with the lab, testified that he randomly selected three of the twenty-one multicolored tablets to test, and they contained methamphetamine. Nichols testified that random testing of partial drug samples is customary because the crime lab has neither the time nor the resources to test every single item of evidence in a case. He noted that all the tablets in the plastic bag had the same shape and markings. The clear bag with the powdery substance contained 2.17 grams of methamphetamine.

¶7. After the State rested, the trial court conducted a *Peterson*[3] evidentiary hearing on the State's intention to use six of Powell's prior felony convictions within the past ten years for impeachment purposes. Four of the convictions involved controlled substances. The trial

---

[2] Powell was not charged with possession of the package's contents; instead, his charges concerned only contents of the pill bottle.

[3] *See Peterson v. State*, 518 So. 2d 632, 636-38 (Miss. 1987) (enumerating relevant factors and procedures a trial court must consider before evidence of a defendant's prior conviction is admitted under Mississippi Rule of Evidence 609).

court found the convictions admissible for credibility but did not allow specifics about the prior drug convictions to be presented to the jury.

¶8. Powell testified in his own defense. Powell claimed he was pulled over by law enforcement for no reason, and he did provide Investigator Parker with his driver's license and proof of insurance. Powell explained to Parker that he and his girlfriend were returning from Oxford after visiting friends, and they had rented the vehicle for Powell to drive. The infant's mother was just out of rehab; so they were babysitting for her. Powell testified that multiple officers searched his vehicle and found the pill bottle in the glove box, not in his pants pocket. Powell denied knowledge of the pill bottle or its contents. Nonetheless, he was convicted.

¶9. At sentencing, the State presented four prior convictions of separate felonies in order to sentence Powell as a subsequent drug offender and a non-violent habitual offender. The State noted that Powell's criminal history was "substantial." For the convictions before us on appeal, Powell received the maximum sentences under the law.

### ANALYSIS

¶10. Powell's appointed appellate counsel filed a *Lindsey* brief, stating that after a diligent study of the record, he could find no arguable issues to appeal. Powell's counsel complied with the prescribed procedure in *Lindsey*, 939 So. 2d at 748 (¶18). As allowed, Powell subsequently filed his own brief. He argues that the State did not provide sufficient evidence to prove his habitual offender status under section 99-19-81 because the State offered no proof of the time he actually served for his prior convictions.

4

¶11. In support of his argument, Powell cites *Watts v. State*, 132 So. 3d 1062, 1063-64 (¶¶1, 4) (Miss. Ct. App. 2014), where a defendant was convicted of armed robbery and sentenced to life imprisonment as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2007). On appeal, this Court reversed and remanded for resentencing under section 99-19-81 because the State failed to prove beyond a reasonable doubt that the defendant actually *served* a term of at least one year for each sentence, as required under section 99-19-83. *Id.* at 1065 (¶9). Powell asserts the State failed to prove he served a year or more for each sentence; however, he was sentenced as a habitual offender under 99-19-81, which has no such requirement for actual time served. Accordingly, Powell's argument is without merit.

¶12. Under section 99-19-81, the State had to prove that Powell had been

> convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and . . . sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere . . . .

The State provided certified copies of four of Powell's prior felony convictions at the sentencing hearing. The felonies included guilty pleas for the following charges: (1) forgery in Georgia where Powell was sentenced to five years but was allowed to serve his sentence on probation; (2) sale of cocaine in Georgia where Powell was sentenced to ten years, serving four years with the remainder on probation; (3) possession of methamphetamine in Oklahoma, where Powell was sentenced to four years; and (4) possession of methamphetamine in Hinds County, Mississippi, where Powell was sentenced to five years, with four years and six months suspended and three years of post-release supervision. Each

5

of the felony sentences was served in the proper state penal institution. Further, Powell's counsel did not object to the sentencing evidence.

## CONCLUSION

¶13. We conclude the trial court properly sentenced Powell as a nonviolent habitual offender under section 99-19-81. Further, after our own independent review of the record, we find that no additional issues need to be addressed; accordingly, we affirm.

¶14. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**